AMESBURY AND SALISBURY GAS COMPANY *vs.* CHRISTOPHER J. GIBNEY.

Essex.    November 9, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Contract,* What constitutes, Implied in fact.    *Gas Company.*

At the trial of an action by a gas company against a customer for the difference between $7 and the amount registered and deposited during a year in an automatic gas meter of the plaintiff, which allowed a certain amount of gas to pass through it each time that twenty-five cents was deposited in a slot, and which was used by the defendant, the defendant's counsel admitted that meter rent was collected and under the law might be demanded by gas companies, and there was evidence tending to show that the meter at the defendant's request had been placed in a house at a summer resort where he used it for a season of about four months; that previous to the year for which the plaintiff sought rent the plaintiff informed the defendant by letter that the plaintiff would enforce the law allowing it "to get $7 from each consumer as a minimum and that if that amount was not paid" the defendant's meter "would be removed and the supply of gas stopped;" that the defendant never expected to have the gas turned on except during the summer season and never requested to have it turned on at any other time; that the defendant did not reply to the plaintiff's notification, but used the meter for getting gas during the summer season only of the year in question. *Held,* that the jury were warranted in inferring that the defendant assented to receiving gas on the terms of the notice, and that there was nothing in R. L. c. 58, § 12, inconsistent with the making of such a contract.

CONTRACT upon an account annexed for "rent due on gas meters." Writ in the Second District Court of Essex dated August 3, 1909.

On appeal to the Superior Court, the case was tried before *Fox,* J. It appeared that the plaintiff relied upon that part of R. L. c. 58, § 12, which reads, "No charge for the use of a meter during any portion of twelve consecutive months shall be made if the consumer during said time uses gas to the value of seven dollars;" that the items of the declaration represented the amounts by which the value of gas used at each meter each

year fell short of $7 ; and that the meters were the property of the plaintiff and were of an automatic variety, whose operation was described in the. bill of exceptions as follows: "consumers wishing gas could· deposit a twenty-five cent piece into them through a slot. Gas then would flow through the meters until a certain amount had passed, when the meters would automatically stop the flow until another coin was inserted."

During the direct examination of a witness for the plaintiff, counsel for the defendant stated to the presiding judge : " We admit that meter rent is collected and we admit under the law it may be demanded."

Other facts are stated in the opinion.

At the close of the evidence the defendant asked the presiding judge to rule and instruct the jury that, "if the plaintiff failed during each of the years in question to keep throughout the year a supply of gas to flow through the meters of the defendant's house and the defendant did not use gas to the value of seven dollars through any meter during each of those· years, the plaintiff could not legally make a charge against the defendant for the use of a meter during either of those years."

The ruling was refused.   The jury returned a verdict for the plaintiff on two items of the declaration in the sum of $5 ; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the defendant.

*A. W. Reddy,* for the plaintiff.

HAMMOND, J.   Upon the evidence including the admission made at the trial by the defendant through his counsel, the jury might have found that the season for the furnishing of gas by the plaintiff to the summer resort where the defendant's houses were situated did not exceed four months in a year; that during the season of 1908 the plaintiff's meters for the use of which this action was brought were in the defendant's houses at his request or desire ; that before the beginning of the year 1908 the defendant duly received a notice from the plaintiff to the effect that the latter would enforce the law allowing it as a gas company " to get $7 from each consumer as a minimum and that if that amount was not paid his meters would be removed and the supply of gas stopped ; " that under the circumstances

the defendant never expected to have the gas turned on except at the usual annual season of four months, and that he never requested to have it turned on at any other time; that he made no reply to such communication nor asked the plaintiff to take out the meters, but actively used them in procuring gas for his use during the whole season of 1908 without making any protest whatever. As a natural inference from these findings they might further find that the defendant assented to the terms of the notice and that the meters were used by him in compliance therewith; that these terms entered into the contract between him and the plaintiff; and that in accordance with the contract as thus established there were due to the plaintiff the sums named in the third and fourth items. This would make out a case for these items which were the only ones on which the jury held the defendant.

There is nothing in R. L. c. 58, § 12, upon which the defendant relies, inconsistent with the making of such a contract.

*Exceptions overruled.*