CARRIE L. WILLIAMS *vs.* HARRY SEDER.

SAME *vs.* SAME.

Worcester.    April 3, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Landlord and Tenant,* Tenancy at will, Rent.

The rate of rent under an existing tenancy at will cannot be changed except by the mutual assent of the parties.

A mere notice in writing given by a landlord to a tenant at will at the beginning of a monthly rental period that the rate of rent would be increased after a month did not give the landlord a right to such increased rent where the tenant immediately and continuously refused to pay the increase although he continued in possession of the premises.

TWO ACTIONS OF CONTRACT.    Writ in the first action in the Superior Court dated May 21, 1936, and in the second action in the First District Court of Southern Worcester dated May 13, 1937.

On removal of the second action to the Superior Court, the actions were heard together by *Swift,* J.

In each case the judge granted a request by the defendant for a ruling, among others, as follows: "3. A notice to a tenant at will by the landlord which purports to demand an increased rental does not, even though the tenant continues to occupy, create an obligation to pay such increased rental unless the tenant, either expressly or impliedly consents thereto."

He denied, among others, requests for rulings as follows: "4. Mere continuance of occupancy by the tenant after

notice by the landlord of an increase in rent will not create an implied contract between the landlord and the tenant so as to render the tenant liable for rent at the increased price." "9. A notice by a landlord to a tenant of an increase in rent does not operate to change an existing valid agreement where the tenant refuses to pay the increase."

*H. Seder*, for the defendant.

*F. P. McKeon*, for the plaintiff.

RONAN, J. In the first action the plaintiff seeks to recover rent for certain premises in Webster at the rate of $100 a month for five months commencing with December, 1935; and, in the second action, rent for the same premises at the rate of $100 a month for four months commencing with May, 1936, and at the rate of $200 a month for nine months commencing on September 1, 1936. The cases were heard by an auditor, who found for the defendant in the first action, and for the plaintiff in the second action for twelve months' rent at $80 a month. The cases were thereafter tried upon the report, with other evidence, before a judge who found for the plaintiff in each action, in the first in the sum of $100 and in the second in the amount of $2,251.40. The cases are here upon the exceptions taken to the refusal to grant the defendant's requests for rulings.

The defendant was a tenant at will of the plaintiff for several years, occupying her premises for the storage of flour and grain and paying rent at the rate of $80 a month. Commencing in 1931, the plaintiff began to complain to the defendant that he was overloading her premises and that if he continued to overload her building she would be obliged to increase the rent. The defendant owns a building adjoining the plaintiff's premises, and it could be found that the defendant has overloaded his building to such an extent as to cause the eaves to project against the wall of the plaintiff's building for a distance of sixty feet, throwing this wall out of plumb and causing it to incline away from the defendant's premises. Besides, there is a large bulge in the wall of the defendant's building which extends over the land of the plaintiff and nearly comes in contact with her building.

The auditor found that the plaintiff, on November 1, 1935, gave the defendant a note signed by her to the effect that, commencing with December 1, 1935, the rent would be $100 a month; and that she gave him another note on July 30, 1936, advising him that the rent, commencing with the next rent period, would be $200 a month payable in advance. He found that the defendant expressly refused to agree to pay the increased rental and that his tenancy at will continued at the rate of $80 a month. The only material oral evidence at the trial besides the report of the auditor was the testimony of the plaintiff that she had given a written notice to the defendant in 1934 that his rent was to be $90 a month and told him the rent would be increased to $90 if he did not cease overloading her building and did not prevent his structure from damaging her building, and that, upon his promise that he would not overload her building and would move his building away from hers, she agreed to allow the rent to remain at $80 a month. The plaintiff is not shown by the record to have ever thereafter demanded the rent at the rate of $90 a month or to have taken any steps to require the payment at this rate or to recover damages for the failure of the defendant to pay it, but instead she sought at the trial to recover rental at the rates fixed in the written notices that she gave the tenant on November 1, 1935, and July 30, 1936, which applied only to the rental for succeeding months. This conversation in 1934 did not amount to anything more than an expression of opinion that, if the defendant did not cease from improperly using the plaintiff's premises and desist from permitting his building to injure her property, she would increase his rent. *Adler* v. *Safeguard Ins. Co.* 288 Mass. 409, 413. She tried the cases on that theory and apparently the finding of the judge was made at the rate fixed by these notices.

A tenancy at will arises out of an agreement, express or implied, by which one uses and occupies the premises of another for a consideration — usually the payment of rent. The relation between the tenant and the landlord is contractual. *Central Mills Co.* v. *Hart*, 124 Mass. 123. *Porter*

v. *Hubbard,* 134 Mass. 233. *Lindsey* v. *Leighton,* 150 Mass.
285. *Crowe* v. *Bixby,* 237 Mass. 249. Such a tenancy
could be terminated by a written notice in accordance with
G. L. (Ter. Ed.) c. 186, § 12, by operation of law as by a
sale or lease of the premises, or by an agreement between
the parties. *King* v. *Lawson,* 98 Mass. 309. *Torrey* v.
*Adams,* 254 Mass. 22. *Mescall* v. *Somerset Savings Bank,*
305 Mass. 575. The notices purporting to increase the rent
were not notices to quit, and the plaintiff never expressed
any intent to have the tenant vacate her premises. The
defendant was already occupying the premises as a tenant
at will, and the terms of the existing tenancy could not be
changed and a new tenancy at will be substituted for the
former tenancy unless with the mutual assent of the parties.
*Hastings* v. *Lovejoy,* 140 Mass. 261. *Conroy* v. *Toomay,* 255
Mass. 87. *McCormick* v. *Proprietors of the Cemetery of
Mount Auburn,* 285 Mass. 548.

There was no evidence that the tenant ever agreed to
pay the increased rent mentioned in the notices. He did
not remain silent but immediately upon the receipt of each
of the two notices, and ever since, steadfastly refused
to pay the demanded increase. He gave the plaintiff no
reason to believe that he had promised to pay the increased
rental. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194.
*Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. The occu-
pancy of the premises subsequent to the receipt of the
notices was not shown by the plaintiff to be other than
under a continuance of the tenancy existing prior to the
giving of the notices. The auditor found that the de-
fendant did not agree to an increase in the rent "in con-
tinuing to occupy the premises" and we are unable to find
anything in the report or in the oral testimony at the trial
that in any way shakes this finding. *Wakefield* v. *American
Surety Co.* 209 Mass. 173. *Cook* v. *Farm Service Stores,
Inc.* 301 Mass. 564.

The cases are distinguishable from those where the occu-
pancy of premises or the purchase of commodities after
notice of an increase in rental or price has been found to
show an assent to pay the increased amounts. *Horton* v.

*Cooley,* 135 Mass. 589. *Taylor* v. *Dexter Engine Co.* 146 Mass. 613. *Amesbury & Salisbury Gas Co.* v. *Gibney,* 210 Mass. 498. *Scott* v. *Dedham Water Co.* 224 Mass. 398. *Flesher* v. *Handler,* 303 Mass. 482. In those cases the defendant had the choice of paying the increase or removing or not purchasing the goods, but in the cases at bar the defendant was not limited to the choice of paying or of vacating but he also had the right to remain in possession at the existing rental until his tenancy had been terminated. The continuance in occupancy by the defendant under his present tenancy would not support a claim that he was doing so in accordance with a new tenancy at an increased rental. *Ryan* v. *J. H. Cogan Co.* 130 Maine, 88. *Commonwealth* v. *Hull,* 296 Mass. 327, 332.

In each case there was error in refusing the defendant's request that a notice of an increase in rent does not change an existing tenancy if the tenant refuses to pay the increase. *Earle* v. *Coburn,* 130 Mass. 596. *Putnam* v. *Glidden,* 159 Mass. 47. *Keith* v. *De Bussigney,* 179 Mass. 255. *Pittsburgh Plate Glass Co.* v. *MacDonald,* 182 Mass. 593. *New York Central Railroad* v. *Sturtevant & Haley Beef & Supply Co.* 236 Mass. 16.

*Exceptions sustained.*