Estes, P. J.
In this action of contract the plaintiff seeks to recover one month’s rent from the defendant, who was her tenant. The answer is general denial.
On July 31st the plaintiff sent a letter to the defendant stating that, beginning September 1st, the rent will be five dollars more per month, “and sign a lease for one year”. The letter was received by the defendant August 5th, on which day the defendant wrote to the plaintiff that “on September 1st I wish to vacate the apartment being #15, occupied by me at #246 South Huntington Avenue, Jamaica Plain, Mass”. The defendant vacated before September 1st. This suit is for the rent for the month of September. *256 The record does not state, but presumably the rent days were the first of each month, and, also, it is presumed that the plaintiff did not accept surrender of the apartment.
The defendant asked the court to rule that the letter of the plaintiff was a notice of intention to terminate the tenancy; that, although the notice was defective, the tenant could and did waive the defect, and was relieved from giving the plaintiff notice to quit; and that the plaintiff cannot object to waiver by the defendant.
The court made no written findings, but in denying the requests ruled that the plaintiff’s letter was not a termination of the tenancy, and that the defendant did not accept it as a notice to quit.
The plaintiff filed no brief.
The defendant maintains that, after receipt of the plaintiff’s letter, he had the right to vacate without giving the plaintiff notice.
Williams vs. Seder, 306 Mass. 134, cited by the trial court in the denial of the defendant’s requests, holds that a notice to increase rent does not give the landlord a right to such increase where the tenant immediately and continuously refused to pay the increase, although he continued in possession of the premises. That case also held that a notice purporting to increase the rent 'was not a notice to quit, and that “the terms of the existing tenancy could not be changed and a new tenancy at will substituted for the former tenancy, unless with the mutual assent of the parties”. It seems clear that the defendant in the instant case was not bound by the letter of the plaintiff. It was not a notice to quit, and it was defective as to time of delivery. The defendant could have remained in possession without paying *257 the increase. If he chose to vacate, he was obligated to give the plaintiff the notice required by statute.
Under the peculiar facts of this case our conclusion may seem harsh, but we are of the opinion that Williams vs. Seder, supra, and cases cited, compel such a conclusion. See also Blish vs. Harlow, 15 Gray 316 cited by the defendant.
We find no harmful error. The order is Report Dismissed.