Riley, J.
This action of contract was brought to recover the sum of $146.00 for the use and occupation of a certain tenement in the City of Chicopee. The defendant’s' answer is a general denial and payment.
At the trial there was evidence tending to show that the defendant’s rent was payable by the week at the rate of $4.00 per week until October 16, 1936, and from October 17, 1936 at the rate of $3.50 per week until the defendant vacated the premises in 1943; that during- the entire occupancy by the defendant the rent was always payable by the week and that at some time in 1936 the defendant applied for and received aid from the Welfare Department. of the City of Chicopee; that the plaintiff conferred with the agent of the Welfare Department and was advised that the Welfare Department would pay the plaintiff only $13.00 per month for the defendant’s' rent, and thereafter the plaintiff received and accepted checks sent to him by the Welfare Department for the defendant’s rent and signed® receipts for rent for the month; that the plaintiff received *156 and accepted nine $13.00- monthly check's during the year 1936, three $13.00- monthly checks during the year 1937, ten $13.00 monthly checks during the year 1938, ten $13.00 monthly checks in 19-39, and- -one $13.00- monthly check -in 1940, all of which payments the plaintiff applied on account of the defendant’s rent.
The judge found as a fact that the defendant’s rent was payable by the week in accordance with this evidence and that on December 28, 1935 the balance then due the plaintiff by the defendant was $165.00. He further found that subsequently the defendant and his family became Welfare recipients- from the Department of Public Welfare of the •City of Chicopee; that the- plaintiff went and conferred with the Welfare Department of the City, relative to the rent of the tenement occupied by the defendant; that the Welfare Department agreed to pay the sum of $13.00 per month for said rent, which the plaintiff accepted during many months in the years 19-36, 1937, 1938 and Í939; It was agreed by counsel- and the judge found, that the -payments- set out in the account annexed to the plaintiff’s Declaration, which were made by both the. defendant and the City of Chicopee, were correct, -except the judge found that an additional $30.00 paid by the defendant’s wife should have been-credited to the defendant.
He found for the plaintiff in the sum of $25.50 with interest from June 11, 1943 and refused, as contrary to the findings of fact of the court, the following Request duly filed by the plaintiff “If the defendant’s contract was to pay rent weekly, he is bound by it, irrespective if rent was paid by the defendant or paid on behalf of the defendant by some third- party”.
It is difficult to determine exactly bow the judge reached his finding of $25.50, -but it seems to- be a fair inference that he arrived at this figure by computing the defendant’s *157 rent at the rate of $13.00 a month during* the period in various years in which the rent was paid by the Welfare Department of the City of Chicopee, rather than at the rate of $3.50 per week, as claimed by the plaintiff. Apparently, he proceeded on the theory that the contract for the payment of rent was altered during the time the rent was paid by the Welfare Department. There is no evidence that the defendant had anything to do with the arrangement between the plaintiff and the Welfare Department of the City, and the plaintiff’s Declaration, which is admitted to be correct as to payments with the exception of the $30.00 item above mentioned, shows that after the various times when the City was paying the rent at the rate of $13.00 a month, the defendant resumed payments at the rate of $3.50 a week, according to his original agreement. In Williams vs. Seder, 306 Mass. 134 at 137, it is said “The defendant was already occupying the premisesi as a tenant at will, and the terms of the existing tenancy could not be changed and a new tenancy at will be substituted for the former tenancy unless with the mutual assent of the parties.” There is no evidence in this case that the defendant ever was consulted in reference to the payment of rent by the City or the change from the weekly to the monthly basis for payment and, as before noted, he seems to have resumed payment on a weekly basis whenever he ceased to be upon relief. There is no finding or, indeed, any evidence that the Welfare Department of the City was acting as the defendant’s agent. It was simply carrying out its statutory duties. The evidence is insufficient to warrant a finding of a novation.
Consequently, we think the judge was in error in denying the plaintiff’s Request for Ruling above quoted, and, accordingly, a new trial is ordered.