MARY J. C. MAGUIRE & another *vs.* FRED K. HADDAD.

Suffolk.    February 8, 9, 1950. — April 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Rent, Termination of tenancy, Tenancy at will. *Notice.*

The terms of an existing tenancy at will cannot be changed and a new tenancy created between the same parties without the consent, express or implied, of both.

A notice by a landlord to a tenant at will occupying an apartment at a monthly rent of $60 payable in advance, "to quit and deliver up" the apartment "at the end of that term of" his "tenancy next beginning after the receipt of" the notice "unless" he were "willing after that date to pay the amount of rental of" $85 monthly, was equivocal and ineffectual either to terminate the tenancy or to effect an increase in the rent where it appeared that the tenant continued in occupancy and paid only $60 monthly rent.

A landlord was not entitled to maintain an action of summary process for possession of an apartment where he relied for his right to possession solely on a fourteen day notice given to the tenant under G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202, to quit for nonpayment of an increase in monthly rent to which the tenant had neither expressly nor impliedly consented.

SUMMARY PROCESS. Writ in the Municipal Court of the West Roxbury District of the City of Boston dated November 1, 1948.

On appeal to the Superior Court, the action was heard by *Sullivan*, J., without a jury.

*J. J. Moss*, (*I. S. Meyers* with him,) for the defendant.

*M. H. Stone*, (*A. V. Jones* with him,) for the plaintiffs.

COUNIHAN, J. This is an action of summary process under G. L. (Ter. Ed.) c. 239, § 1, as amended, to recover possession of an apartment occupied by the defendant as a tenant at will of the plaintiffs. The writ was dated November 1, 1948, returnable to the Municipal Court of the West Roxbury District of the City of Boston, and on appeal to the Superior Court the case was heard by a judge without a jury. The judge denied certain requests of the defendant for rulings and made a finding for the plaintiffs for possession; and the action comes here on a bill of exceptions of the defendant.

The only evidence offered was in the form of an "agreed statement of facts" which we shall treat as an agreement as to evidence and not as a case stated. *Duff* v. *Southbridge, ante*, 224, 226. The evidence may be summarized as follows: From February, 1948, the defendant occupied the apartment as a tenant at will at a monthly rent of $60 payable in advance. The premises were never subject to any provisions of any law relative to rent control. See housing and rent act of 1948, 62 U. S. Sts. at Large, 93. On May 14, 1948, the plaintiffs delivered to the defendant the following notice dated May 10, 1948, "This is to notify you to quit and deliver up at the end of that term of your tenancy next beginning after the receipt of this notice the upper or second floor apartment situated at 470 Center Street, Jamaica Plain District of the City of Boston, Massachusetts, unless you are willing after that date to pay the amount of rental of eighty-five dollars monthly . . . ." The defendant continued to occupy the premises after July 1, 1948, and sent the plaintiffs on the first day of each month from July 1, 1948, to the date of the trial a check for "$60 for each month payable in advance."

Each month the plaintiffs sent the defendant receipts similar in form to the following receipt:

"JULY 1, 1948.

DR. F. K. HADDAD *No. 470 Centre St. J. P.*

Amount $85.00   Due July 1st   Month Ending July 31st

You are advised that rent as set forth above should be forwarded to this office.

Rec. Payment                     $60.00

Bal. Due              ·              25.00

Very truly yours,

MRS. KATHARINE J. MAGUIRE.

RECEIVED PAYMENT:

by          . . . . . . . . . . . . . . . . . . ."

None of the defendant's checks mentioned the purpose for which it was drawn, and the receipts monthly carried forward the balance which the plaintiffs claimed was due them. On September 25, 1948, the defendant was served with a notice to vacate in substance as follows:

"SEPTEMBER 25TH 1948.

*To* F. K. HADDAD

Your rent being in arrear, you are hereby notified to quit and deliver up fourteen days from receipt of this notice the premises now held by you as my tenant namely:
Upper Floor or second floor apartment consisting of eight rooms and bath situated at 470 Center Street, Jamaica Plain District of Boston, Mass. together with all the privileges and appurtenances thereto belonging. . . .

Amount of Rent $85.00 monthly advance   Amount of Rent due $75.00
Rental Period for which Rent is due account of September 1948
Cause of Eviction   Non-Payment of Rent

/s/        MARY J. C. MAGUIRE

*Co-Owner.*"

See G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202.

The defendant's requests for rulings which the judge denied were as follows: "3. The evidence warrants a finding for the defendant. 4. That upon the evidence the defendant is entitled to a finding in his favor."

The plaintiffs contend that, because the tenant continued in possession after July 1, 1948, he impliedly assented to the increase in rent requested in the notice dated May 10, 1948, and thus became in arrears of rent on September 25, 1948, when the notice to vacate for nonpayment of rent was given. To support this theory, assent of the tenant express or implied must be found, for it has been established that a new tenancy at will, with terms different from those of a former tenancy, cannot be created except with the mutual consent of the landlord and the tenant. *Williams* v. *Seder*, 306 Mass. 134, 137. It is true that in that case the notice purporting to increase the rent expressed no intent to have the tenant vacate. It was there clearly stated, however, that where the defendant was a tenant at will, the terms of the existing tenancy could not be changed and a new tenancy at will created without the consent of both parties. Here there plainly was no assent on the part of the tenant by silence or acquiescence, or by paying the increase, for he steadfastly refused to pay it. The notice to vacate dated May 10, 1948, is clearly equivocal. On the one hand it demands possession and on the other it invites the tenant to remain in possession at an increased rental. When the tenant failed to vacate, the landlords did not treat him as a tenant at sufferance which he was if the notice was good. *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575, 577. On the contrary, they recognized him as a tenant at will and proceeded to evict him for nonpayment of rent under G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202.

The landlords could not blow hot and blow cold. They had to choose one position and stick to it. If negotiations failed to bring about an adjustment in the rent, the landlords could have terminated the tenancy by an unequivocal

notice and instituted proper eviction proceedings under G. L. (Ter. Ed.) c. 239, § 1, as amended.

No Massachusetts decision has been brought to our attention and we have discovered none in which a notice such as this, in the alternative, has been discussed. However, in *Besdine* v. *Leitner*, 166 Misc. (N. Y.) 658, a similar notice under a comparable New York statute was held to be ineffectual. We conclude that the notice dated May 10, 1948, did not effect an increase in the rent of the tenant, and likewise did not terminate the tenancy at will.

Since no increase in rent of the tenant ever became effective, it follows that, if the tenant continued to pay rent at the old rate, as he did, he was not in arrears in rent on September 25, 1948, when he was served with the notice to vacate for nonpayment of rent. In these circumstances no proceedings under G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202, could be maintained.

It follows that the judge was in error in denying the defendant's requests for rulings of law and in finding for the plaintiffs for possession.

*Exceptions sustained.*
*Judgment for the defendant.*