*Northern District*

No. 5049

**HAROLD GORDON**
v.
**BEREL H. SALES**

(June 19, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Gadsby*, P. J.   This is an action to recover a sum of money for use and occupation by the defendant of the plaintiff's premises at 24 Hanover Circle in Lynn, Massachusetts. The answer is a general denial and a plea of payment.

*At the trial there was evidence tending to show that the plaintiff had sent the following:*

January 17, 1956

Berel H. Sales
24 Hanover Circle
Lynn, Massachusetts
Dear Sir:

You are hereby notified that your tenancy of the premises at 24 Hanover Circle is terminated as of January 30, 1956.

Should you desire to remain a tenant after said date, the rent for the premises will be forty (40) dollars per week.

Very truly yours,
Harold Gordon
By his Attorney,
Irving A. Estrich

The defendant continued to pay the original rent of eighteen (18) dollars per week and the plaintiff certified the checks sent to him by the defendant. It was agreed in open Court that the defendant had paid in to the plaintiff the sum of eighteen (18) dollars per week for the twelve weeks in issue, the said payments were made by check which the plaintiff had caused to be certified, but that none of the said checks had been cashed.

There were prior proceedings brought by the plaintiff against the defendant in a writ of summary process wherein judgement was entered against the defendant and the plaintiff was given right to immediate possession "execution not to issue before expiration of two months". Later, this was extended for another two months.

The following question put to witness, Harold Gordon, whose qualifications as an expert on real estate were satisfactorily shown, was admitted against the objection of the defendant, "Do you have an opinion with reference to the second floor premises at 24 Hanover Circle of the fair value for use and occupation of said premises by a married person with two small children, aged five and two"? The plaintiff answered, "Yes". Counsel for the plaintiff then asked, "What is your opinion"? The plaintiff — witness answered, "Twenty-five dollars per week". The defendant requested that the said ruling be reported.

There was also evidence that the defendant's rental commenced during the year 1953, that the plaintiff lost sixty dollars in 1953 from the operation of the said premises, and in the year 1954 to 1955, the plaintiff made a profit of sixty-eight dollars.

The defendant duly filed certain requests for rulings of law. Those requests pertinent to the issue and the action of the Court thereon are as follows:

1. On all the evidence, the plaintiff cannot recover in this action. In order for a valid contract to exist, there must be an offer and an acceptance, and a meeting of the minds. *First sentence denied, second sentence allowed.*

4. The plaintiff, by certifying the rent checks and payments sent to him by the defendant was a waiver of any rent increases. *Denied.*

9. The defendant by tendering the old rent amount, signified thereby that he had refused the offer of the increase in rent, and therefore, is liable only for the rents as they previously existed before the new offer. *Denied.*

10. The plaintiff here has not sustained the burden of proof that he is entitled to recover. *Denied.*

The Court made the following findings:

"This is an action to recover a sum of money for use and occupation by the defendant of plaintiff's premises.

Previous to this action the plaintiff had brought

a writ of summary process to recover possession of the premises and the Court found for the plaintiff. The question of termination of the tenancy was, no doubt, decided by the Court, and it was based on a notice to terminate tenancy sent by plaintiff to defendant. This notice contained an additional paragraph stating in substance that should defendant decide to remain as a tenant, an additional rental would be demanded. The defendant did not reply to this alternative choice presented by the plaintiff.

This action is not based on this stated increased rental, but is brought to recover for use and occupation of premises after termination on the theory that the defendant was a tenant at sufferance.

I find for plaintiff in the amount of $84.00 the same being for use and occupation up to April 28, 1956."

The defendant claims to be aggrieved by the admission of the fair value of the rented premises and by the denial of the defendant's requests for rulings, numbered No. 1, (first sentence), No. 4, No. 9 and No. 10.

The defendant has relied on the case of *Maguire v. Hadded*, 325 Mass. 590 where it was said at page 593, "The landlord could not blow hot and cold. They had to choose one position and stick to it. If negotiations failed to bring about an adjustment in rent, the landlord could have terminated the tenancy by an unequivocal notice and instituted proper proceedings [summary process] under G. L. (Ter. Ed.) c. 239, §1 as amended. No Massachusetts decision has been brought to our attention and we have discovered none in which a notice such as this, in the alternative has been discussed. We conclude that the notice dated May 10, 1948 did not effect an increase in rent of the tenant and likewise did not terminate the tenancy at will".

However, there exists a distinction between that

case and the one at bar. Prior to the present case, the plaintiff had brought a writ of summary process to recover possession of the premises and judgment had been entered for the plaintiff for possession. The execution had been stayed by the Court. The question of notice therefore became *res judicata*. Furthermore, the present action is not based to recover any increased rental from a tenancy, but is brought to recover for use and occupation of the premises after the termination of the tenancy.

An expert testified for the plaintiff that the fair value of the premises for use and occupation was $25.00 per week. The defendant objected to the admission of this testimony and requested the said ruling be reported. However, the docket entry does not show that any *claim for report* based on the exclusion was reduced to writing in a summary manner and filed with the clerk within five (5) days after the making of said ruling in accordance with Rule 27 of the District Courts (1952). However, there does not appear to be any error in the admission of this evidence since it is within the discretion of the trial judge to determine whether a witness has qualified as an expert.

The plaintiff sought to recover for use and occupation for 12 weeks at $25.00 per week. Credit was given to the defendant for $18.00 a week for 12 weeks which consisted of the defendant's checks for $18.00 each which the plaintiff had caused to be certified but not cashed. Thus the Court found a balance due to the plaintiff of $84.00.

The further point is raised that the plaintiff, by certifying the check, had accepted payment and that the old tenancy was still in existence. As was said in *Dutton v. Bennett*, 262 Mass. 39 at 40, "The mere sending of the check and the receipt of it by the defendant could not render it effective as a payment".

The tenancy had been terminated by the ejectment proceedings and no new tenancy had been created between the parties other than that created by law which made the defendant a tenant at sufferance liable for use and occupation.

We therefore are of opinion that no prejudicial error was committed by the trial judge in his disposition of the defendant's requests for rulings of law numbered 1, 4, 9 and 10. *The report is ordered dismissed.*

Irving A. Estrich, for the plaintiff.
Sumner N. Smith, for the defendant.