*Southern District*

**FRANCIS H. WELLS**

v.

**BERTHA SMITH ET AL**

■

*Present*: Nash, P. J., Cox and Sgarzi, JJ.

Case tried to MURPHY, SP. J., in the District Court of Brockton. No. 17357.

*Cox, J.* By this action of contract commenced by writ dated December 3, 1957, the plaintiff seeks to recover for "Use and occupancy of 1 School Street, Bryantville, from 9-4-57 — 12-3-57 @ $15.00 per week —

$255.00". The answer included a general denial.

*It appears that* for several years before this action was commenced, the defendants were tenants of the plaintiff's cottage in Bryantville.

About October 1, 1957, counsel for the plaintiff sent a notice to the defendants to quit the premises on or before October 4, 1957 or face court proceedings. The defendants continued to occupy the premises without paying any rent. It does not appear that the defendants have continued to pay the mortgage payments, interests, taxes and for the upkeep of the premises, hereinafter mentioned.

The judge made the following findings and rulings: "I find for the Plaintiff and assess damages in the sum of $195.00: Plaintiff's request for Rulings Nos. 1 to 5 inc. allowed, see special finding. Defendant's (sic) request for Rulings Nos. 1 to 4 inc. allowed, see special finding."

The judge also made special findings, as follows:

"The Defendants occupied the Plaintiff's premises and in lieu of rent paid the taxes, insurance, interest on the mortgage and other items taking care of the Plaintiff's Father as one of the considerations therefor.

"The Plaintiff's Father died in September of 1957 and the Plaintiff duly notified the Defendants that the rent would be $15.00 per week thereafter, the Defendants stated that this was too much and offered to pay the sum of $50.00 per month.

"The Plaintiff refused to accept this as a rental and informed the Defendants that they would have to pay said $15.00 per week or vacate the premises. The Defendants

had a choice of paying said rent or removing from the premises, but the Defendants continued and still continue to occupy said premises without the payment of any rent, that said Defendants avail themselves of the use and occupancy of said premises after receiving due notice from the Plaintiff to either pay or move, and an inference can be drawn that the Defendants intended to pay rent but that the Defendants questioned the amount of rent to be paid.

"I find that the fair and reasonable amount of rental for the use and occupation of said premises from Sept. 4, 1957 through Dec. 3, 1957 is $195.00, and I so find that the Defendants owe the Plaintiff said sum."

The case was reported because the defendant's claim to be aggrieved by the judge's allowance of the plaintiff's five requests for rulings of law and by the judge's allowance of their four requests for rulings and at the same time finding against them and for the plaintiff.

The defendants' requests for rulings are as follows:

1. If the Court finds that the Defendants, or either of them, were tenants at will of the Plaintiff at a certain rental, which the Plaintiff tried to increase; and the Defendants did not agree to any increase or change of terms, then the Court must find for the Defendants. *Williams v. Seder,* 306 Mass. 134; *Maguire v. Haddad,* 325 Mass. 590.

2. If the Court finds that the Defendants never agreed to any increased rent or change of terms proposed by the Landlord, the continued occupancy of the premises by the Defendants does not support the Plaintiff's claim of an increased rental or change of terms. *Maguire v. Haddad supra.*

3. The Defendants had a right to remain in possession of the premises at existing rentals and terms until the tenancy at will was terminated, unless the Court finds that the De-

fendants, or either of them, agreed to any change in terms or rent.

4. Upon all the evidence the Defendants are entitled to a finding in their favor.

■ The inconsistency on the judge's part in allowing the defendants' requests for rulings and then finding for the plaintiff, even though harmful to the defendants, may be remedied only by a motion to correct the rulings or by a motion for a new trial. *Biggs v. Densmore*, 323 Mass. 106 and cases cited. *E. A. Strout Realty Agency, Inc. v. Gargan*, 328 Mass. 524, 528.

The plaintiff's requests for rulings are as follows:

1. On the evidence, as a matter of law, the finding should be for the Plaintiff.

2. If it (Court) find as a matter of fact that the Defendant occupied the Plaintiff's premises without paying anything to the Plaintiff for such occupancy while they knew or as reasonable people should have known that the Plaintiff expected to be paid for the use of her (sic) premises then the Court will find for the Plaintiff. *W. W. Britton, Inc. v. S. M. Hill Co.*, 327 Mass. 335.

3. The law will not allow the Defendants to avail themselves of benefits enuring to them from the occupancy of the Plaintiff's premises without exacting from the Defendant a fair and reasonable payment for such benefits.

4. The fact that the Defendants occupy the Plaintiff's premises when they have an opportunity to accept or reject the benefits of such occupancy raises an inference of a promise on the part of the Defendants to pay for said occupancy. *Caton v. Day (Day v. Caton)* 119 Mass. 513.

5. Upon all the facts the Court is warranted to infer a promise on the part of the Defendants to pay a reasonable

charge for the use and occupancy of the Plaintiff's premises.

This action is for rent for use and occupation and not for recovery of possession. Therefore, it is unnecessary to adjudicate whether the defendants, at the time this action was brought, were tenants at will or tenants at sufferance. In either case they are liable for rent for the period of their continued occupancy of the premises after the death of the plaintiff's father on September 4, 1957. The only question for determination relates to the amount to be recovered.

Before the death of the plaintiff's father, no difficulty had presented itself on this point because the parties were in agreement that the defendants as tenants were to pay as rent, or in lieu of rent, mortgage interest and principal installments, taxes, upkeep of the premises and part of the expense of boarding the plaintiff's father. The difficulty arose immediately after the death of the plaintiff's father and the parties have since been unable to come to any agreement as to rent.

The amount which the judge found to be fair and reasonable was $195.00 for the period from September 4, 1957 to December 3, 1957. This is readily computed to be at the rate of $15.00 per week for that period which is thirteen weeks. That is the rate which the plaintiff sought but which the defendants would not agree to pay.

The case of *Williams v. Seder,* 306 Mass. 134 is authority that the terms of a tenancy cannot be changed except by mutual consent of the parties. It was there held that

it was error to have refused the tenant's request that a notice of an increase in rent does not .change an existing tenancy, if the tenant refuses to pay the increase. The court in the Seder case cautious that it is ". . . distinguishable from those where the occupancy of premises or the purchase of commodities after notice of an increase in rental or price has been found to show an assent to pay the increased amounts. . . . In those cases the defendant had the choice of paying the increase or removing or not purchase the goods, . . ." In the .case before us it is evident that the defendants consistently declined to meet the plaintiff's new terms.

The plaintiff claims to be entitled to receive reasonable rent for the period of thirteen weeks involved in this action. That is the point raised in his requests numbers 3 and 5. The parties have been unable to agree on a rate of rental. The plaintiff has sought $15.00 per week which the defendants have refused to pay. The defendants have countered with $50.00 per month which the plaintiff has declined. Under such circumstances of disagreement, no new tenancy has been created because, as pointed out, it is settled that a new tenancy with terms different from those of a former tenancy may only be created with the consent of both parties. *Maguire v. Haddad,* 325 Mass. 590, 593; *Williams v. Seder,* 306 Mass. 134, 137.

It would appear, therefore, that the defendants should continue to pay as rent an amount equivalent to that which they paid

prior to the death of the plaintiff's father on September 4, 1957. *Maguire v. Haddad,* 325 Mass. 590; *Williams v. Seder,* 306 Mass. 134, 137. The report contains no evidence bearing on this point, nor for that matter is there any evidence whatever to warrant or sustain the finding of the judge on the question of rent. Accordingly, we cannot say that the defendants were not prejudiced by the allowance of the plaintiff's requests numbers 3 and 5, and by the judge's finding based on the plaintiff's demand unsupported by any evidence.

The result is the same if the defendants be now regarded as tenants at sufferance on the theory that the defendants occupied the premises under a tenancy at will, but a tenancy with a conditional limitation, terminable upon the happening of the contingency, to wit, the death of the plaintiff's father on September 4, 1957. See *Ashley v. Warner,* 11 Gray 43; *Markey v. Smith,* 301 Mass. 64, 69. By G. L. (Ter. Ed.) c. 186, §3, a tenant at sufferance is liable for rent. *Benton v. Williams,* 202 Mass. 189, 192. That case holds that the continued occupancy by a tenant at sufferance is due wholly to the laches or forebearance of the person entitled to possession in not evicting him. If the plaintiff in the case before us regarded the defendants as tenants at sufferance after September 4, 1957, it became his burden to evict them if he found unsatisfactory their refusal to meet his new demands, or be bound, in the absence of a new agreement, express or implied, to demand and receive for their continued occupancy no

more than had been previously paid. That situation must prevail until the defendants remove or the parties come to some new agreement, expressly or by implication. *Benton v. Williams,* 202 Mass. 189; *Williams v. Seder,* 306 Mass. 134; *Maguire v. Haddad,* 325 Mass. 590.

We see no error prejudicial to the defendants in the allowance of the plaintiff's requests numbers 1, 2 and 4 as it is evident from the evidence and from the judge's finding, that the plaintiff expected to receive and the defendants to pay rent. The only question which arose related to. the amount or rate of rent.

As we find prejudicial error, there is to be a new trial to determine only the rate and amount of rent payable by the defendants in accordance with this opinion.

Nathan Richman, of Brockton, for the plaintiff.

I. Manuel Rubin, of Brockton, for the defendant.