BATES BLOCK ASSOCIATES, INC. *vs.* MILADY'S SHOP, INC. August 19, 1975. Most of the defendant's argument on its appeal from the judgment of the Superior Court declaring the plaintiff entitled to "additional rent" is grounded on the erroneous proposition that the "rent" sought by and granted to the plaintiff was for the defendant's continued occupancy of the plaintiff's building after the termination of the defend-

ant's lease therein. Whatever fault one might find with the language used in the plaintiff's notice of June 25, 1970, and in the allegations and prayers in the bill in equity (to which no demurrer was filed), it is clear from paragraph 15 of the answer and from the transcript of the evidence that the defendant at all times correctly understood and treated the plaintiff's claim as one for compensation for use by the defendant's customers and employees of the parking area outside the leased premises which was not subject to the lease. Having litigated the case to its conclusion on that footing, the defendant may not complain for the first time on appeal that the evidence pertinent to such use of the parking area was not within the scope of the pleadings. *Kagan* v. *Levenson,* 334 Mass. 100, 106 (1956), and cases cited. By the same token, the cases relied upon by the defendant which govern the rights of a person holding over as a tenant at will after the expiration of his lease have no application here. Rather, any arrangement for such use of the parking area from August 1, 1970, to October 31, 1971, and for the payment of compensation therefor, came into existence after the parties had abandoned an informal cost-sharing agreement, which was never subject to any lease nor even (apparently) reduced to writing. Having found that use of the parking area by the defendant's customers and employees continued substantially undiminished through that period without reimbursement to the plaintiff therefor, and that the amount demanded by the plaintiff in its letter of June 25 represented a fair and reasonable charge for such use, the trial judge was justified in ruling that the plaintiff was entitled to recover that amount on either of two theories: (a) that the defendant, by its continued use of the parking area with full knowledge of the charge announced by the plaintiff for such use, impliedly agreed to pay that charge (compare *Amesbury & Salisbury Gas Co.* v. *Gibney,* 210 Mass. 498, 499-500 [1912]; *Scott* v. *Dedham Water Co.* 224 Mass. 398, 400 [1916]; *Goldman* v. *Shulkin,* 320 Mass. 161, 163 [1946]); or (b) that the plaintiff, in the absence of any such agreement, express or implied, was entitled to recover the fair and reasonable value of such use on ordinary principles of unjust enrichment (compare *Horton* v. *Cooley,* 135 Mass. 589, 590 [1883]; *Lowell Housing Authy.* v. *Save-Mor Furniture Stores, Inc.* 346 Mass. 426, 431 [1963]). There is no merit in the defendant's contention that the records maintained by a bank under an informal arrangement with the plaintiff and showing the number of parking-lot tickets bearing the defendant's authorized stamp involved inadmissible "double" hearsay, as the judge could properly have found that those records had been compiled from other records, since destroyed (compare *Greenberg* v. *Weisman,* 345 Mass. 700, 703 [1963]), prepared in the regular course of business by parking attendants having a duty to report the number of tickets so stamped to the bank (compare *Sawyer & Co.* v. *Southern Pac. Co.* 354 Mass. 481, 483, 484 [1968]; *Commonwealth* v. *DeBrosky,* 363 Mass. 718, 725, fn. 6 [1973]; McCormick, Evidence, § 310, at 726-727 [2d ed. 1972]), and the admission of the bank's records implied a finding of all facts prerequisite to their admission under G. L. c. 233, § 78 (*Sawyer & Co.* v. *Southern Pac. Co., supra,* at 483, and cases cited). Assuming without deciding that the judge improperly ruled that the plaintiff was entitled to apply the remaining balance (with interest) of the defendant's security deposit against the amount of the defendant's indebtedness to the plain-

tiff, and should instead have entered a judgment awarding in separate paragraphs the amounts of the parties' respective indebtednesses to each other, we fail to see how the substantive rights of the parties were affected thereby or any other reason to disturb the judgment on that account. Compare *Kennedy* v. *Shain,* 288 Mass. 458, 460 (1934).

*Judgment affirmed.*

*Richard J. McCarthy* for the defendant.
*Timothy J. Dacey, III,* for the plaintiff.