CAROL LOWERY *vs.* ISHMAEL ROBINSON & others. March 11, 1982. The plaintiff (tenant) brought an action against her landlords in the Hampden County Housing Court seeking declaratory and injunctive relief and damages on the ground that the landlords had failed to furnish heat to her apartment. It was claimed that the defendants had violated those portions of G. L. c. 186, § 14, as amended by St. 1974, c. 192, § 1, which impose civil liability on a landlord "who willfully or intentionally fails to furnish . . . heat . . . or . . . who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant . . . ." The landlords brought a cross action of summary process. G. L. c. 239, § 1. Following a trial on the consolidated actions, the judge found and declared (a) that the landlords were not liable on the claims under G. L. c. 186, § 14, because they lacked the ability to pay for heating oil; (b) that the tenant was entitled to a partial rent credit for the period when she lacked heat; (c) that the tenant's rent should be increased by $50 per month to reflect the fair rental value of the premises; and (d) that the landlord's obligation to provide fuel was to be limited to $100 per month of their own funds plus any rent paid by the tenant. The landlords' summary process action was dismissed because the notice to quit was not timely. The landlords did not appeal. The tenant has appealed. We reverse.

1.  The tenant correctly argues that the judge erred in declaring that the landlords' financial inability to purchase oil constituted a defense to the quiet enjoyment claim. A landlord's failure to provide heat during the heating season (see State Sanitary Code, 105 Code Mass. Regs. §§ 410.201, 410.750 [B] [1980]) seriously "impair[s] the character and value of the leased premises" (*Winchester* v. *O'Brien*, 266 Mass. 33, 36 [1929], quoting from *Brande* v. *Grace*, 154 Mass. 210, 212 [1891]), and constitutes a breach of the covenant of quiet enjoyment. See generally *Blackett* v. *Olanoff*, 371 Mass. 714, 715-716 (1977), and cases cited. It is not necessary to recovery that the landlord intended to violate the covenant. Rather "the landlord's conduct, and not his intentions, is control-

ling." *Blackett* v. *Olanoff, supra* at 716. Thus, as suggested by the language of the statute itself (see *Simon* v. *Solomon,* 385 Mass. 91, 99-100 [1982]), liability will be imposed "whenever the 'natural and probable consequence' of [the] landlord's action [is] interruption of the tenant's rights." *Id.* at 102, quoting from *Westland Housing Corp.* v. *Scott,* 312 Mass. 375, 381 (1942). Cf. *Berman & Sons, Inc.* v. *Jefferson,* 379 Mass. 196, 200-203 (1979). It is further established that "a tenant may bring an action for civil damages under G. L. c. 186, § 14, without first pursuing [that statute's provisions for] criminal charges." *Simon* v. *Solomon, supra* at 100. On the facts found by the judge, the tenant was entitled on the quiet enjoyment claim to (a) a declaration that the landlords had violated G. L. c. 186, § 14; (b) an injunction ordering that heat be provided in compliance with the State Sanitary Code without limitation on the amount to be spent by the landlords for fuel; and (c) an assessment of damages and counsel fees under § 14. Our holding on the quiet enjoyment claim renders it unnecessary to consider the tenant's additional claim that the failure to provide heat was intentional. The tenant is limited to a single recovery for all the § 14 claims raised in the action. See *Simon* v. *Solomon, supra* at 110-111.

2. The judge appears to have found that the plaintiff was a tenant at will whose contract rent at the time the defendants acquired title to the building was $150 per month. The transfers conveying title to the defendants would not automatically have terminated her status as a tenant at will. See the last sentence of G. L. c. 186, § 13. Since rent is an agreed term of the tenancy, it could not be changed without the mutual consent of the parties, although the landlord could exercise his rights to terminate the tenancy according to law. See *Williams* v. *Seder,* 306 Mass. 134, 136-137 (1940); *Maguire* v. *Haddad,* 325 Mass. 590, 593 (1950). No such consent, express or implied, was found. It was therefore error for the judge to increase the tenant's rent in order to provide the landlords with additional funds for the purchase of fuel oil.

The judgment is reversed and the case remanded to the Housing Court, where the tenant may move for an assessment of damages and an award of counsel fees on the quiet enjoyment claim under G. L. c. 186, § 14. See *Simon* v. *Solomon, supra* at 107-113; *Darmetko* v. *Boston Housing Authy.,* 378 Mass. 758, 763-765 (1979). Upon such assessment, a new judgment is to be entered, consistent with this opinion, declaring the rights of the parties and granting the plaintiff appropriate relief.

*So ordered.*

*James F. Donnelly* for the plaintiff.
*William J. Bailey* for the defendants.