McGuane, J.
This matter arises out of a landlord-tenant dispute between plaintiff (tenant) and defendant (landlord). It is an action under G.Lc. 186, §14 for damages because of the defendant’s failure to provide water at a house rented to the plaintiff. It is before the Appellate Division on the denial by the Trial Judge of the plaintiffs Motion to Alter or Amend Judgment in this case and in a consolidated small claims case.
At the Trial, there was evidence showing the following:
On or about June 15,1986, plaintiff rented defendant’s house located at Lot 1, Priest Road, Truro, Massachusetts. Plaintiff was one of four tenants. The term of the lease was from June 15,1986 to September 6,1986.
Shortly after moving in, plaintiff began to have problems with the water pressure. He had water sporadically throughout the day for about twenty minute intervals. The rest of the time there was no water. Plaintiff notified the defendant of this problem and immediately the defendant notified a well digger who came to assess the problem. Defendant hired a well digger and dug a trench himself to help facilitate the installation of the new well. It took about three to four weeks for the new well to be completed and hooked up to the house. Plaintiffwas without adequate water for about four weeks. Defendant, upon notification by the plaintiff, took reasonable steps to have the water problem corrected, and it was, in fact, corrected.
Plaintiff had paid $500.00 toward his share of the rent and owed another $500.00. On several occasions, the defendant asked plaintiff for the rent and was told initially that he would not pay the rent until the water situation was corrected. In late August 1986, plaintiff told the defendant that he would pay the $500.00 in full. Plaintiff, however, left the premises withoutpaying the balance of $500.00 rent. The three other tenants all paid their share of the rent in full.
After discovering that the plaintiffhad vacated the premises without paying the rent still owed, defendant commenced an action in Orleans District Court seeking a criminal complaint for larceny. Prior to a show cause hearing on that matter, the defendant offered to drop the matter if the plaintiff would pay him a certain amount of money. The plaintiff declined. After the hearing, no complaint was issued.
The defendant then commenced asmall claims action in the Dedham District Court to recover the rent owed. The plaintiff responded with the existent action. The small claims action of the defendant was consolidated with this action upon motion of the plaintiff.
The legal issues raised by this appeal are:
1. Whether the periodic lack of water was a breach of the Implied Warranty of Habitability. (Count II)
2. The amount of damages due the plaintiff for the defendant’s failure to provide *51 essential services. (Count III)
The first issue is whether the lack of water constituted a breach of the implied warranty of habitability. The District Court found that the plaintiff was without adequate water for approximately four weeks. It did not find that the lack of water reached the level of a serious enough breach to violate either the Implied Warranty of Habitability or M.G.Lc. 186, §14.
Massachusetts General Laws, Chapter 186, §14 requires that a landlord’s action or inaction be intentional and/or willful. “A lessor or landlord ... who willfully or intentionally fails to furnish water, hot water... shall be liable...” A landlord may be found to have acted willfully and/or knowingly if he fails, after notice to supply the essential service or rectify a problem with same. Lowery v. Robinson, 13 Mass. App. Ct. 982 (1982). Unintentional conduct which diminishes the use of the premises as a dwelling unit is not within the scope of G.Lc. 184, §14. Perreira v. Bellavance, 1979 Mass. App. Div. 477.
In the instant case, the lower court found that the defendant responded immediately to the problem by hiring a well digger and digging a trench on the premises himself to help speed the process and the water problem was in fact corrected. Finding that the defendant’s temporary failure to supply adequate water was neither willful or intentional, the Trial Judge entered judgment for the defendant. We affirm.
In Count III, the plaintiff contends that damages should be calculated by the contracted amount of monthly rent, not the amount the plaintiff actually paid. Where the landlord is in violation of M.G.Lc. 93A and c. 186, §14, courts have assessed damages based on the contract rent. The purpose of this provision was to compensate the plaintiff and also deter wrongful conduct on the part of the landlord. The award of actual and consequential damages or three months rent, whichever is greater, and the costs of the action including a reasonable attorney’s fee was meant to provide an aggrieved tenant with an effective means of redress against a landlord who intentionally failed to provide essential services.
Where no violation by the landlord is found, the courts have assessed the damages as the rental value of the premises in their impaired condition. Berman & Sons, Inc. v. Cynthia Jefferson, 379 Mass. 196. Where the landlord fails to provide certain essential services, the appropriate measure of damages is the difference between the value of what the tenant should have received andthevalueofwhathe in fact received. Charles E. Burt, Inc. v. Seven Grand Corp., 340 Mass. 124, 163 N.E.2d 4 (1959).
On the consolidated small claim, the Trial Judge found for the defendant in the amount of $500.00. He also found that the plaintiff was entitled to a credit against the $500.00 rent owed of $90.90 per week for each of the four weeks that his water service was interrupted, for a total credit of $363.60. The District Court’s Judgment on the small claim was consistent with its findings that the plaintiff suffered a temporary deprivation of an essential service which did not rise to the level of a code violation, and was entitled to a rent abatement reflecting the value of what he in fact received.