WILLIAM ISAKSON *vs.* FRANCIS VINCEQUERE.

No. 90-P-1136.

Worcester. January 16, 1992. - September 9, 1992.

Present: PERRETTA, GILLERMAN, & LAURENCE, JJ.

*Housing Court*, Jurisdiction. *Jurisdiction*, Housing court, Consumer pro-
tection case. *Contract*, Construction contract. *Words*, "Welfare."

The Housing Court lacked subject matter jurisdiction over a homeowner's
action for breach of a contract for construction of an addition to a
dwelling, where the action did not involve any present problem relating
to housing so as to require the expert knowledge of a specialized court,
nor did the Housing Court acquire jurisdiction by reason of the plain-
tiff's count under G. L. c. 93A alleging an unfair practice. [281-285]

CIVIL ACTION commenced in the Worcester County Divi-
sion of the Housing Court Department on February 5, 1988.

The case was tried before *John G. Martin*, J.

*Michael Tabb* for the defendant.

*Kathleen R. Isakson* for the plaintiff.

PERRETTA, J. This appeal arises out of an action brought in
the Housing Court for damages for breach of contract and a
violation of G. L. c. 93A. A jury awarded damages to the
plaintiff on the contract claim, and the trial judge, finding
and concluding that the breach was an unfair act which was
both knowing and wilful, doubled the jury's award and as-
sessed fees and costs. The question of subject matter jurisdic-
tion is raised for the first time on appeal and we conclude
that the Housing Court lacked subject matter jurisdiction
over the controversy and order that the judgment be vacated.

1. *The controversy.* There was evidence to show that the
plaintiff hired the defendant to build and frame the outer
structure of an addition to his house, a garage and family-
room. The foundation for the addition had been in place at
the time the plaintiff purchased his house several years ear-

lier. The parties agreed that the plaintiff would be responsible for providing the materials for the project, which was to be completed within four weeks. The contract price was $8,400, to be paid to the defendant for his labor in four weekly installments of $2,100.

Two weeks into the project a dispute arose as to whether certain work was covered under the contract or whether it was "additional." The defendant was of the view that certain items, such as a four-foot overhang and windows in the rear of the structure, were extras for which he was entitled to additional compensation. The plaintiff claimed that these items were included within the contract and refused to pay anything above the contract price.

Work came to a halt. The plaintiff sent the defendant a demand letter under G. L. c. 93A, § 9. The defendant responded that he would do the extra work if the plaintiff either paid him additional compensation or renegotiated the contract. The plaintiff then hired a second contractor to complete the addition to the house. Because of other commitments, this contractor and his assistants could work for the plaintiff only at night and on weekends and holidays. It took over two months for the addition to be finished at a cost of almost $10,000.

In instructing the jury on the contract claim, the trial judge stated that, if they found that the defendant was in breach of his obligation, the plaintiff would be entitled to the "reasonable cost of completing the contract less such part of the contract price as has not been paid." After the jury awarded the plaintiff $3,200, the trial judge took up the count brought under c. 93A. He found and concluded that the defendant's breach was an "unfair act since he knew the difficulty the plaintiff would have finding a replacement and that the exposure of the incomplete job to the elements could well produce irreparable damage" and that the breach was "both knowing and willful."

2. *Subject matter jurisdiction.* To determine whether the Housing Court had jurisdiction over this controversy, we look

to G. L. c. 185C, § 3, as appearing in St. 1987, c. 755, § 3.[1] The plaintiff argues that three bases for jurisdiction can be found in the statute which, as relevant, reads: "The . . . housing court . . . shall have . . . jurisdiction . . . of all civil actions . . . under the provisions of common law and of equity . . . as is concerned directly or indirectly with [1] the health, safety, or welfare, of any occupant of any place used, or intended for use, as a place of human habitation . . . [2] the possession, condition, or use of any particular housing accomodations . . . or services . . . furnished in connection therewith . . . [3] . . . all housing problems, including all contract and tort actions which affect the health, safety and welfare of the occupants or owners thereof. . . ."

Conceding from the outset that his claim does not involve any issue of "health" or "safety," the plaintiff focuses on "welfare." He argues that the inconvenience of the off-hours work on the addition and the apprehension concerning the exposure of the unfinished project to the elements created a "very tense situation in the household" which, in turn, affected his and his family's "welfare."

We do not minimize the disruption and inconvenience that can be caused by a contractor's refusal or inability to complete a project in accordance with the terms of a contract. The question before us, however, is not whether the plaintiff has stated a cause of action. Rather, it is whether he has brought his action in the correct forum.

In asserting that his claim was properly brought in the Housing Court, the plaintiff relies upon an overly broad definition of "welfare" as "the state of faring or doing well[;] . . . a state characterized . . . by good fortune, happiness, well-being, or prosperity[;] . . . the state or condition (as of a person . . .) in regard to well-being. . . ." Webster's Third New International Dictionary, Unabridged (1981), at 2594. As used in G. L. c. 185C, § 3, however, the words

---

[1]Although the statute was again amended by St. 1988, c. 83, that amendment has no relevance to the present dispute. See *Boston* v. *Kouns,* 22 Mass. App. Ct. 506 (1986), which appears to have prompted the amendment.

"health, safety, or welfare" are to be construed narrowly in order to carry out the purpose for which the statute was enacted. See *Police Commr. of Boston* v. *Lewis*, 371 Mass. 332 (1976); *Hass* v. *Breton*, 377 Mass. 591 (1979); *LeBlanc* v. *Sherwin Williams Co.*, 406 Mass. 888 (1990); *Ryan* v. *Kehoe*, 408 Mass. 636 (1990).

These cases lead us to conclude that, although the plaintiff's dispute with the defendant might have affected his "welfare" in the broad and general sense of his happiness and emotional state of well-being, that is not the type of housing claim which the Legislature intended the Housing Court to address. There was nothing about the physical condition of the unfinished addition which affected the plaintiff's "welfare."

Additionally, the plaintiff's complaint is not concerned with the "possession, condition, or use of any particular housing accommodation[ ] . . . or services . . . furnished in connection therewith." The only issues raised on the pleadings were whether the plaintiff was entitled to recover the difference between the contract price and the reasonable cost of completing the addition and whether the defendant's refusal to finish the project without additional payment was an unfair act. There was no question concerning the condition of the premises. It was undisputed that the defendant abandoned the project before the addition was finished and that the work had been completed by another before the suit was commenced.

Further, the fact that the subject of the contract was a house does not make a breach of that contract a "housing problem[]" within the comprehension of c. 185, § 3. To conclude on such a slim basis that jurisdiction could attach in the Housing Court "would be to dilute the expertise of that court and to delay the resolution of disputes properly before it." *Hass* v. *Breton*, 377 Mass. at 601.

The legislative and judicial history of c. 185C, § 3, was discussed recently and at length in *LeBlanc* v. *Sherwin Williams Co.*, 406 Mass. 888 (1990). As there made clear, the statute must be construed "in light of the purpose for which

it was enacted." *Id.* at 896. That purpose was first considered and explained in *Police Commr. of Boston* v. *Lewis,* 371 Mass. 332, 338-340 (1976). Although the Legislature has expanded the scope of the Housing Court's jurisdiction to include more *types* of claims, a plaintiff's complaint still must have some relationship to the original and special function of the Housing Court. See *Ryan* v. *Kehoe,* 408 Mass. 636, 640 (1990).

Applying G. L. c. 185C, § 3, to the circumstances of the plaintiff's claim, we conclude that his action for money damages for a breach of contract which does not involve any present problem related to housing does not require the expertise of a specialized court. See *LeBlanc* v. *Sherwin Williams Co.,* 406 Mass. 888 (1990); *Ryan* v. *Kehoe,* 408 Mass. 636 (1990); *Williams* v. *Attleboro Mut. Fire Ins. Co.,* 31 Mass. App. Ct. 521 (1991). Contrast *Worcester Heritage Soc., Inc.* v. *Trussell,* 31 Mass. App. Ct. 343, 347 n.3 (1991).

It follows from what we have said here and in *Patry* v. *Liberty Mobilhome Sales, Inc.,* 15 Mass. App. Ct. 701, 704-705 (1983), that the Housing Court did not acquire jurisdiction over this dispute by reason of the plaintiff's count under G. L. c. 93A.

The plaintiff relies upon *Goes* v. *Feldman,* 8 Mass. App. Ct. 84, 87-91 (1979), to argue that, because the defendant was not prejudiced by reason of the complaint having been tried in the Housing Court, we should not disturb the judgment. This argument is based upon a misreading of *Goes.* It is not open to us to confer subject matter jurisdiction upon a court where no claim can be made that it otherwise exists.[2] See *Litton Bus. Syss., Inc.* v. *Commissioner of Rev.,* 383 Mass. 619, 622 (1981).

3. *Conclusion.* The Housing Court lacked subject matter jurisdiction over the case. The matter is remanded to the Housing Court with instructions to vacate the judgment previously entered against the defendant. The plaintiff shall

---

[2]In *Goes,* subject matter jurisdiction over Chapter 93A claims was conferred upon the Housing Court by an amendment to the statute which became effective while the appeal was pending.

have thirty days in which to request the Chief Administrative Justice of the Trial Court to transfer the matter to the appropriate forum. See G. L. c. 211B, § 9.

*So ordered.*