ST. JOSEPH'S POLISH NATIONAL CATHOLIC CHURCH *vs.* LAWN CARE ASSOCIATES, INC. March 1, 1993. *Jurisdiction*, Housing Court. *Housing Court*, Jurisdiction. *Chief Administrative Justice.*

The defendant has appealed from a judgment entered in the Hampden County Division of the Housing Court Department. The defendant argues that the Housing Court lacked subject matter jurisdiction, and that the jurisdictional problem was not cured by an order issued by the Chief Administrative Justice of the Trial Court. We transferred the appeal to this court on our own motion and now affirm the judgment.

1. We agree with the defendant that the Housing Court lacked subject matter jurisdiction over the plaintiff's action. The complaint sought damages for breach of contract, negligence, and violation of G. L. c. 93A, §§ 2 (*a*) and 9, in connection with the defendant's alleged failure properly to perform an agreement for grading, seeding and paving work on a cemetery owned by the plaintiff. Despite recent expansions in the scope of the Housing Court's jurisdiction, it remains "a court of limited jurisdiction with its [primary] expertise in the area of housing." *LeBlanc* v. *Sherwin Williams Co.*, 406 Mass. 888, 897 (1990). See also *id.* at 892-893; G. L. c. 185C, § 3 (1990 ed.). That jurisdiction does not encompass claims of the sort in issue here.[1]

2. The record discloses that the defendant engaged in considerable delay in responding to the action. The defendant was initially defaulted, damages were assessed, and judgment entered against it. The defendant's motion to vacate the judgment and remove the default was allowed after it agreed to (and did) post a bond to secure any judgment entered against it. Trial was delayed (the defendant was conditionally defaulted for ignoring the plaintiff's discovery requests) and the defendant eventually filed a suggestion of bankruptcy.

The defendant filed an answer to the complaint on the first day of trial and raised for the first time the question of subject matter jurisdiction. The judge, recognizing that the case presented a "serious jurisdictional problem," immediately wrote to the Administrative Justice of the Housing Court Department to request an order that "the case be transferred to the Superior Court, and that [he] be designated to hear and decide the case as a Superior Court judge." The trial went forward and was completed, a memorandum of decision filed, and judgment entered. Approximately one month after entry of judgment, the Chief Administrative Justice of the

---

[1]The judge initially thought that the work to be performed under the contract might have an effect on nearby residences and thus bring the case within amendments to G. L. c. 185C, § 3, inserted by St. 1988, c. 83, which confer jurisdiction on the Housing Court in cases where real property is used in a way which affects the health, welfare and safety of any user of the property or member of the general public. When the defendant challenged the court's jurisdiction, the judge (as will be next discussed) recognized that jurisdiction might not be present and took prompt and appropriate action to resolve the problem.

Trial Court, acting pursuant to G. L. c. 211B, § 9, inserted by St. 1978, c. 478, § 110, ordered the case transferred to the Superior Court Department, and the Housing Court judge designated as a Superior Court judge to decide it.

We have indicated that "a judge in a court of limited jurisdiction, faced with a serious jurisdictional issue, should forestall . . . [a possible] waste [of judicial resources] by asking the Chief Administrative Justice of the Trial Court to transfer the case, or the judge, or both, to the appropriate department of the Trial Court." *Bagley* v. *Illyrian Gardens, Inc.*, 401 Mass. 822, 825 (1988). See *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129 (1981). Such requests should be promptly made and, in a case like this, will usually be granted before the commencement of trial. Cf. *Patry* v. *Liberty Mobilhome Sales, Inc.*, 15 Mass. App. Ct. 701, 702-704 (1983) (transfer of judge approved nunc pro tunc after case tried, no party having objected before trial).

In the circumstances present here, an order of transfer was requested by the judge as soon as the jurisdictional problem became apparent. The issuance of the order served to make the case a Superior Court matter, and the judge a Superior Court judge. We are not inclined to expend judicial resources to have the case retried when the delay in issuing a routine transfer order was not attributable to reservations about the transfer. We conclude that the order cured the jurisdictional problem nunc pro tunc. We reject the defendant's contrary arguments, particularly the argument that G. L. c. 185C, § 20, inserted by St. 1978, c. 478, § 92, prohibiting transfer of a case out of the Housing Court, barred the transfer. That provision must be read to apply to an action which is properly within the Housing Court's jurisdiction at the outset.

*Judgment affirmed.*

*William C. Penkethman, Jr.*, for the defendant.
*S. Thomas Martinelli* for the plaintiff.