ROPT Limited Partnership *vs.* Michael Katin, temporary executor.[1]

Norfolk. February 8, 2000. - May 18, 2000.

Present: Marshall, C.J., Abrams, Lynch, Greaney, Ireland, Spina, & Cowin, JJ.

*Summary Process,* Appeal. *District Court,* Jurisdiction. *Jurisdiction,* Summary process. *Statute,* Construction. *Chief Justice for Administration and Management.*

The $25,000 jurisdictional limits of St. 1996, c. 358, § 4, are applicable to summary process actions [603-605], and a District Court judge properly dismissed a summary process action for lack of subject matter jurisdiction, where the amount in dispute was not less than $32,900 [605-607], and where the defendant had not waived his right to raise the issue [607].

In the circumstances of a summary process action in which the plaintiff obtained a judgment of $33,000 plus interest and costs, following entry of which the District Court judge, on the defendant's motion, properly dismissed the matter without prejudice for lack of subject matter jurisdiction under St. 1996, c. 358, § 4, this court granted the plaintiff's request, in the interest of the orderly administration of justice, for time to request that the Chief Justice for Administration and Management, pursuant to G. L. c. 211B, § 9, transfer the case to, or assign the District Court judge to sit in, the Superior Court. [607-608]

Summary process. Complaint filed in the Brookline Division of the District Court Department on October 17, 1997.

A motion to dismiss was heard by *Herbert N. Goodwin,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*David Berman* for the plaintiff.

*Paul C. Brennan* for the defendant.

Lynch, J. In this case, which we transferred here on our own motion, we must decide whether the jurisdictional limits outlined in St. 1996, c. 358, apply to summary process actions.

[1]Of the estate of Mark Bourne. A motion to substitute party was allowed by a single justice of the Appeals Court. For the sake of convenience, we refer to the defendant as Mark Bourne.

In a summary process action brought in the District Court the plaintiff obtained a judgment for possession and money damages in the amount of $33,170. The defendant's motion to dismiss the judgment for damages was allowed without prejudice for lack of subject matter jurisdiction, and the plaintiff appealed. The plaintiff argues: (1) under St. 1996, c. 358, District Courts have jurisdiction over summary process actions regardless of the amount sought for recovery of rent; (2) the District Court judge was without power to vacate the judgment for lack of subject matter jurisdiction pursuant to Rule 11 (a) of the Uniform Summary Process Rules (2000); and (3) even if the District Court judge did have the power to vacate the judgment, the defendant waived his right to raise jurisdiction by failing to object timely. The plaintiff also asks that, if we determine that the judge properly dismissed the judgment, we also stay the order pending the plaintiff's application to the Chief Justice for Administration and Management (CJAM) to appoint the District Court judge to sit as a Justice of the Superior Court for the purposes of this case. We hold that the jurisdiction limits in St. 1996, c. 358, apply to summary process actions and that the District Court had the power to vacate the judgment for lack of subject matter jurisdiction. We also grant the plaintiff's request that it be allowed to apply to the CJAM to appoint the District Court judge to sit as a Justice of the Superior Court for further proceedings involving this case.

1. *Facts and procedural history.* In March, 1996, the plaintiff, ROPT Limited Partnership, entered into a lease of commercial property with the defendant and others. On October 1, 1997, the plaintiff sent a notice to quit for nonpayment of rent, and on October 17, 1997, it filed a complaint for summary process in the Brookline Division of the District Court Department, seeking rent for $32,900. The defendant filed a counterclaim but the plaintiff's motion to dismiss it was allowed.[2] On February 6, 1998, the judge found in favor of the plaintiff for more than $33,000, plus interest and costs.[3] In May, 1998, the plaintiff moved for attorney's fees and costs pursuant to a provision in the lease. In August, 1998, the defendant moved to vacate the

---

[2]The plaintiff argued, in the alternative, that the counterclaim either was not permitted by summary process actions or that it did not state a claim on which relief could be granted. The judge's indorsement on the plaintiff's motion is simply "counterclaim is dismissed."

[3]The defendant vacated the premises on November 1, 1997.

judgment and dismiss the action for lack of subject matter jurisdiction pursuant to St. 1996, c. 358. The judge allowed the defendant's motion and dismissed the action without prejudice, and the plaintiff has appealed.

2. *Statute 1996, c. 358.*[4] At the outset, it is important to note that St. 1996, c. 358, is an experimental statute, applying only to Middlesex and Norfolk counties.[5]

In interpreting statutes we use the plain language of the statute where the language is unambiguous. See *Commissioner of Revenue* v. *Cargill, Inc.*, 429 Mass. 79, 82 (1999). Furthermore, the court must not ignore language or produce an illogical result. *Risk Mgt. Found. of the Harvard Med. Insts., Inc.* v. *Commissioner of Ins.*, 407 Mass. 498, 503 (1990), quoting *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967). See *White* v. *Boston*, 428 Mass. 250, 253 (1998).

The plain language of St. 1996, c. 358, is clear. In summary, § 4 grants exclusive original jurisdiction to the District Courts in Norfolk and Middlesex counties, for all civil actions otherwise subject to G. L. c. 231, §§ 97-107, if there is a reasonable likelihood that the plaintiff's recovery will not exceed $25,000; it grants exclusive original jurisdiction to the Superior Court for all civil actions otherwise subject to G. L. c. 231, §§ 97-107, if there is a reasonable likelihood that the plaintiff's recovery will exceed $25,000.[6] There are no exceptions stated in the statute. See *Commonwealth* v. *Egleson*, 355 Mass. 259,

---

[4]We note that, despite being admonished at oral argument for failing to provide copies of the statutes and rules at issue in this case, in violation of Mass. R. A. P. 16 (f), 365 Mass. 860 (1974), neither the defendant nor the plaintiff subsequently provided those copies to aid us.

[5]Section 13 of St. 1996, c. 358, states in pertinent part: "The provisions of this act . . . shall be effective in Norfolk and Middlesex Counties for a period of two years commencing on July first, nineteen hundred and ninety-six and shall apply only to civil actions commenced on or after July first, nineteen hundred and ninety six . . . ." In 1998, it was "amended by striking out the words 'two years' and inserting in place thereof . . . 49 months." St. 1998, c. 157, § 2.

[6]The exact text of St. 1996, c. 358, § 4 is as follows:

"Notwithstanding the provisions of any general or special law to the contrary, including section four of chapter two hundred and twelve of the General Laws and section nineteen of chapter two hundred and eighteen of the General Laws, district courts in Norfolk and Middlesex counties shall have exclusive original jurisdiction of civil actions, otherwise subject to transfer, retransfer, removal and appeal, pursuant to sections ninety-seven to

262 (1969); *Kravitz* v. *Director of the Div. of Employment Sec.,* 326 Mass. 419, 421-422 (1950).

The plaintiff's argument depends on its assertion that summary process is not subject to G. L. c. 231, § 97.[7] This argument is without merit. The summary process statute itself, G. L. c. 239, § 3, explicitly states that appeals to the Superior Court, from a judgment in the District Court, "shall be . . . under . . . *section ninety-seven of chapter two hundred and thirty-one*" (emphasis added).[8] Furthermore, in *Cranberry Realty & Mtge. Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. 255, 256 (1983), the Appeals Court said that the "[r]ights of appeal to the Superior Court in summary process actions begun in the District Court [are] . . . governed by G. L. c. 231, § 97." We thus reject the plaintiff's argument that § 4 of St. 1996, c. 358, does not apply to summary process.[9]

The plaintiff further argues, in essence, that the purpose of St. 1996, c. 358, § 10, is to carve out an exception for summary process and, to read it otherwise, would be to treat § 10 as "mere surplusage." However, the plaintiff's reading of § 10 relies on the premise that St. 1996, c. 358, §§ 2 & 4, do not apply to summary process.

Section 10 states: "Notwithstanding the provisions of sections three and five of chapter two hundred and thirty-nine of

one hundred and seven, inclusive, of chapter two hundred and thirty-one of the General Laws, in which there is no reasonable likelihood that recovery by the plaintiff will exceed twenty-five thousand dollars or such other amount as is ordered from time to time by the supreme judicial court."

"In Norfolk and Middlesex counties, civil actions, otherwise subject to transfer, retransfer, removal and appeal, pursuant to sections ninety-seven to one hundred and seven, inclusive, of chapter two hundred and thirty-one of the General Laws, in which there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to twenty-five thousand dollars or such other amount as is ordered from time to time by the supreme judicial court shall be heard exclusively in the superior court."

[7]The plaintiff also includes St. 1996, c. 358, §§ 1 & 2, in its discussion, but that does not change our analysis.

[8]Under G. L. c. 231, § 97, the appeal is heard in the Superior Court de novo.

[9]The plaintiff also argues that it was anomalous for the Legislature to have omitted any reference to G. L. c. 239, § 3, in St. 1996, c. 358, § 2. We do not agree. Given that G. L. c. 239, § 3, expressly refers to G. L. c. 231, § 97, it was unnecessary for St. 1996, c. 358, § 2, to refer to G. L. c. 239, § 3. Furthermore, despite the plaintiff's contention to the contrary, G. L. c. 239, § 5, simply creates additional terms of appeal in summary process actions, including a bond.

the General Laws, summary process actions in the district courts of Norfolk and Middlesex counties shall be subject to one trial in the district court department as provided in section eight."

There is nothing in the plain language of § 10 that suggests that summary process actions are to be tried *exclusively* in the District Courts. A less contrived meaning of this section is that it is a clarification that there is a new procedure for summary process actions that are brought in the District Court. The Legislature may enact statutory provisions for clarification. See *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., supra* at 619-620.

Our interpretation gives full meaning to the plain language of St. 1996, c. 358, § 4, and the cross references to G. L. c. 231, § 97, contained in G. L. c. 239, § 3.

3. *Dismissal for lack of subject matter jurisdiction and issue of waiver.* As discussed above, the plain language of St. 1996, c. 358, reveals a legislative scheme concerning subject matter jurisdiction based on the amount the plaintiff is reasonably likely to recover.[10]

"Subject matter jurisdiction cannot be conferred by consent, conduct or waiver." *Harker* v. *Holyoke*, 390 Mass. 555, 559 (1983), quoting *Litton Business Sys.* v. *Commissioner of Revenue*, 383 Mass. 619, 622 (1981). Where a court lacks subject matter jurisdiction, the judgment is void and time limitations for raising the issue are inapplicable. See J.W. Smith & H.B. Zobel, Rules Practice § 60.11 (1977 & Supp. 2000); Mass. R. Civ. P. 60 (b)(4), 365 Mass. 828 (1974).

However, under Rule 11 (a) of the Uniform Summary Process Rules, a defendant cannot raise subject matter jurisdiction pursuant to rule 60 (b) (4), once there is a final judgment on the merits. The plaintiff argues that there was a final judgment in this case and urges us to hold that rule 11 (a) applies. This argument does not avail because, first, the District Court did not issue a final judgment on the defendant's counterclaim. The indorsement the judge made on the plaintiff's motion to dismiss and the subsequent entry on the docket sheet are not sufficient to satisfy the requirements for final judgment under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). There was no final judg-

---

[10]Because St. 1996, c. 358, § 4, expressly uses the word "jurisdiction," we reject the plaintiff's suggestion that it should be read as a venue statute rather than as a jurisdictional statute.

ment in this case, so the defendant had the right to raise subject matter jurisdiction. See *Shawmut Community Bank, N.A.* v. *Zagami*, 419 Mass. 220, 224 (1994), quoting *Blume* v. *Oil-O-Chron, Inc.*, 287 Mass. 52, 55 (1934) ("A [judgment] and a counterclaim are different causes of action combined in one case, and ordinarily a [judgment] disposing of only one of them is not a final [judgment]").[11]

Second, even if there were final judgment, we conclude that Rule 11 (a) of the Uniform Summary Process Rules would not apply. As both the plaintiff and the defendant point out, the Uniform Summary Process Rules and the Massachusetts Rules of Civil Procedure were written before the new statute and thus need to be read harmoniously with the new scheme. *Spence* v. *Reeder*, 382 Mass. 398, 421-422 (1981) (disregarding Rule 13 of the Uniform Summary Process Rules in light of statutes and procedural rules). See *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487 (1984) (interpret statute according to Legislature's intent). In particular, the rules that apply to District Court proceedings were written with the expectation that parties had a right to de novo review in the Superior Court pursuant to G. L. c. 231, § 97. However, St. 1996, c. 358, § 8, fourteenth par., now provides for appeal to the Appellate Division of the District Court Department for actions tried in the District Court. Logically, therefore, rule 11 (a) cannot apply to District Court cases because they are no longer subject to de novo review.[12] Given that rule 11 (a) no longer applies to summary process, Rule 1 of the Uniform Summary Process Rules directs us to look to the Massachusetts Rules of Civil Procedure

---

[11]The cases the plaintiff cites in support of its argument that there was a final judgment, do not advance its cause. For example, in *Hodge* v. *Klug*, 33 Mass. App. Ct. 746, 751 (1992), the court said that the right to an *appeal* is not dependant on entry of final judgment. Moreover, the plaintiff's argument that the definition of final judgment is not governed by Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), and Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977), but rather by G. L. c. 239, § 3, lacks merit because G. L. c. 239, § 3, does not define final judgment. Therefore, using the directive contained in Rule 1 of the Uniform Summary Process Rules, see note 13, *infra*, we look to the Massachusetts Rules of Civil Procedure to fill in the gaps.

[12]For the same reason, Mass. R. Civ. P. 81 (a) (1) (7), as appearing in 423 Mass. 1412 (1986), which excepts summary process actions from the Massachusetts Rules of Civil Procedure, also does not apply.

to fill in any procedural gaps.[13] Under Mass. R. Civ. P. 12 (b)
(1), 365 Mass. 754 (1974), or Mass. R. Civ. P. 60 (b) (4), a
party has the right to raise subject matter jurisdiction at any
time. The dismissal was proper.

The plaintiff also argues that, even if the District Court had
power to dismiss cases for lack of subject matter jurisdiction, in
this case, the defendant waived his right to raise the issue
because it was untimely. It cites *Harker* v. *Holyoke*, 390 Mass.
555, 556, 558-561 (1983), to support its argument, but the case
does not advance its cause. There we ruled that a Housing
Court judgment upholding its subject matter jurisdiction could
not be attacked *collaterally* in a separate action in the Superior
Court. This is not a collateral attack by a party seeking to
reverse the judgment of jurisdiction. See J.W. Smith & H.B.
Zobel, Rules Practice, *supra* (no time limit on subject matter
jurisdiction).

4. *Stay and remand.* The plaintiff requests that, if we decide
that the District Court did not have subject matter jurisdiction
over this case pursuant to St. 1996, c. 358, that we stay the
order of dismissal and allow the plaintiff time to request that the
CJAM appoint the District Court judge to sit as a Superior
Court judge for the purposes of this case. In a number of cases,
this court has recommended that, when faced with a jurisdic-
tional issue, in order to avoid waste of judicial resources, the
judge should not dismiss the case, but rather ask the CJAM,
pursuant to G. L. c. 211B, § 9, to transfer the case, the judge,
or both, to the appropriate court. In *Konstantopoulos* v. *What-
ely*, 384 Mass. 123, 130 (1981), where a defendant, instead of
removing a case from the Probate Court to the Superior Court,
chose to file a motion to dismiss, argue the case on the merits,
and then rely on a jurisdictional argument on appeal, we held
that the existence of G. L. c. 211B, § 9, was a statutory alterna-
tive to dismissing actions on jurisdictional grounds that served
the "orderly administration of justice." See *LeBlanc* v. *Sherwin
Williams Co.*, 406 Mass. 888, 897 n.10 (1990). See also *St.
Joseph's Polish Nat'l Catholic Church* v. *Lawn Care Assocs.,
Inc.*, 414 Mass. 1003 (1993) (posttrial transfer order granting

---

[13]Rule 1 of the Uniform Summary Process Rules (2000) states: "Procedures
. . . that are not prescribed by these rules shall be governed by the Mas-
sachusetts Rules of Civil Procedure insofar as the latter are not inconsistent
with these rules, with applicable statutory law or with the jurisdiction of the
particular court in which they would be applied."

pretrial request pursuant to G. L. c. 211B, § 9, designated Housing Court judge as Superior Court judge where subject matter jurisdiction at issue); *Worcester* v. *Sigel,* 37 Mass. App. Ct. 764, 765-766 (1994) (on Housing Court judge's pretrial request case transferred to Superior Court docket and judge designated to sit as Superior Court judge); *Isakson* v. *Vincequere,* 33 Mass. App. Ct. 281, 285 (1992) (posttrial determination that Housing Court lacked subject matter jurisdiction; case remanded to Housing Court to vacate judgment and plaintiff given thirty days to request transfer pursuant to G. L. c. 211B, § 9).

Because the defendant chose not to raise jurisdiction until after the judgment entered on the plaintiff's claims, in the interest of the orderly administration of justice, we grant the plaintiff's request. *Konstantopoulos* v. *Whately, supra.* See St. 1996, c. 358, § 7.[14]

The dismissal is stayed pending the plaintiff's application to the CJAM to appoint the District Court judge to sit as a Superior Court judge for the purposes of this case, and the case is remanded to the District Court for such further proceedings as the judge deems appropriate and are consistent with this opinion.

*So ordered.*

---

[14]Our affirmance of the judgment of dismissal does not make it inappropriate for the CJAM to appoint the District Court judge to sit as a Superior Court judge. The defendant has pointed to nothing in our case law or in G. L. c. 211B, § 9, that creates such a rule. See *Isakson* v. *Vincequere,* 33 Mass. App. Ct. 281, 285 (1992) (remanding case and ordering Housing Court to vacate judgment and plaintiff given time to request transfer pursuant to G. L. c. 211B, § 9).