Wheatley, P.J.
On June 23,1998, the plaintiffs sued seeking damages for negligence, breach of contract and a violation of G.L.c. 93A concerning a fire caused by the defendants’ defective installation of carpet-cleaning equipment in a van used in the plaintiffs’ business. On September 9, 1999, a District Court Dedham Division jury found for the plaintiffs for $70,321, which, with interest and costs and an award by the judge of attorney’s fees, resulted in a total judgment of $99,954.84. *255 The trial judge denied the defendants’ post-trial motions to dismiss for lack of jurisdiction, and to reconsider, from which judgments the defendants appeal.[3] We affirm the judge’s findings and dismiss the appeal.
The plaintiffs brought this case in a Norfolk County Division of the District Court Department which was operating under the experimental one-trial system, as defined in St. 1996, c. 358, St. 1996, c. 358, entitled “AN ACT establishing a one trial system for civil cases...,” was enacted to eliminate the remand and removal procedures and provide for a single trial, jury or jury-waived, in the District or Superior Court. PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE: 1999 SUPR, §12A1. The jurisdictional requirement in the District Court is met by a determination that the reasonable likelihood of recovery by the plaintiff will not exceed twenty-five thousand dollars.[4] With their complaint, the plaintiffs filed, as required by §5 of the statute, a statement wherein they said that “[djamages are not likely to exceed $25,000,” and cited documented property damages of $4,900, reasonably anticipated future medical and hospital expenses of $20,000,[5] and “ongoing loss of earnings and business” (no amount listed) .[6] Part of the evidence which the plaintiffs presented to the jury, without objection from the defendants, related to estimated lost profits resulting from the inability to use the van for anticipated future business. After the jury returned their verdict, the defendants filed a motion to dismiss on the grounds that the court lacked the jurisdiction to enter a judgment in excess of $25,000.
The defendants contend that the trial judge erred in determining that the plaintiffs, upon the filing of their complaint, did not have a reasonable likelihood of recovering in excess of $25,000. Specifically, they argue that the plaintiffs knew at the time of the filing of their complaint that the defendants’ negligence disabled their van, cut off their right to future profits from additional business which they had planned prior to the fire, and that those profits were definite enough to come within the test of “reasonable likelihood.”[7] The defendants are asking this court to *256 override the trial judge’s rulings, dismiss the case and pave the way for a second jury trial, which we decline to do.
St. 1996, c. 358, §5, requires the plaintiff to “specify in full and in itemized detail the facts on which the plaintiff then relies to determine money damages.” (emphasis added) It also permits the defendant to file, with his answer, a similar statement. The statute then provides for the court, after hearing if requested, to make a determination as to whether his court has subject matter jurisdiction. If he finds no jurisdiction, he may dismiss the case without prejudice. We assume that the opposite is true, that is, if he finds jurisdiction, he may deny the motion to dismiss. Although there are no written findings by the trial judge, we assume that he found that there was no reasonable likelihood that the plaintiff, at the outset of the case, would recover in excess of $25,000, this issue being the sole issue on which the defendants based their motion.[8]
There is little in the case law to aid us in determining the quantum or quality of proof necessary to support a finding of “reasonable likelihood.” See Aetna Casualty & Surety Co. v. Rodco Autobody, 138 F.R.D. 328, 332 (D. Mass. 1991). It is more than “conjecture or hypothesis,” Marashlian v. Zoning Board of Appeals of Newburyport, 37 Mass. App. Ct. 931 (1994) and is opposed to “speculative.” Barvenik v. Board of Aldermen of Newton, 33 Mass. App. Ct. 129 (1992). “Reasonable” means “a fair chance,” MERRIAM-WEBSTER’S COLLEGIATE DICTIONARY, Tenth Edition, 1998. “Likelihood” means a “reasonable probability,” BLACK’S LAW DICTIONARY, Seventh Edition, 1999. The proof of the special damages in the plaintiffs’ case ($24,621) tracked closely the stated amounts in their statement of damages ($24,900). The values of these items were readily determinable prior to bringing suit, and, in the event of the finding of liability on the part of the defendants, were easily provable.
The additional amount that raised the jury verdict over the $25,000 threshold was for lost future profits.[9] Recovery of lost profits to a plaintiff is a recognized recovery in business tort cases, but it is understood that they can contain an “element of uncertainty.” Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass. App. Ct. 396, 426 (1982). See Commentary on 1988 Revision, accompanying 28 U.S.C. §1332. Each case must be decided on its own facts, and a comparatively insignificant factor, in combination with others, may lead to a conclusion with one decision apparently at variance with that reached in others. Rombola v. Cosindes, 351 Mass. 382, 384 (1966). Here, the plaintiff Cavanaugh testified that, prior to the fire, using a single van, he cleaned carpets for commercial customers. He said he planned to increase his business by using another employee in operating a second van, and hoped also to add some residential customers. Some of the anticipated additional commercial work was still in the negotiation stage, and depended on Cavanaugh being able to get sub-contracts for the work from his brother-in-law. The use of a second van, and the obtaining and performing of more work on residences, were new aspects of his business, "... a new venture. A new direction ...,” in which he had no experience. He had an earnings record, as evidenced by his tax returns, but the additional work profit was merely projected from his experience and conversations with the defendant, Shade, and some of Cavanaugh’s *257 friends. He could not have reasonably predicted at the outset of the case any amount which a fact-finder would have accepted.
“Reasonable likelihood” is not a certainty. Some damages can be determined with some degree of exactitude, but others, as in this case with future lost profits, can be speculative and can only be finally determined in the fact-finding process. Moreover, the statute was enacted to avoid multiple trials in the same case. The Supreme Judicial Court recognized the need to protect from this in the interest of the orderly administration of justice, by allowing, in Ropt, supra, a stay in order to “change courts” to avoid another trial. The determination of jurisdiction, when raised after the jury verdict, should not depend on the amount of the verdict.[10] The trial judge has held a statutory hearing. The facts available to him indicate that he correctly denied the motion to dismiss.
Accordingly, this appeal is dismissed.
So ordered.

 The defendants claimed an appeal of several other matters in their Notice of Appeal. However, they are limited to this single issue, being the only issued raised in their brief. Dist/Mun. Cts. R. A. D. A., Rule 16(a) (4).

 §4 of St. 1996, c. 358, states:
“Notwithstanding the provisions of any general or special law to the contrary,... district courts in Norfolk ... shall have exclusive original jurisdiction of civil actions, otherwise subject to transfer ... in which there is no reasonable likelihood that recovery by the plaintiff will exceed twenty-five thousand dollars....” (Emphasis supplied)
§5 further provides:
“If it appears to the court... from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the jurisdictional limits of the court, the judge ... may dismiss the case without prejudice for want of jurisdiction.”

 In that there were no actual “medical and hospital expenses,” we assume that the plaintiffs used this line merely for convenience.

 §5 prohibits any clerk from accepting any complaint unless it is accompanied by a statement specifying in full and in itemized detail the facts on which the plaintiff then relies to determine money damages.

 The defendants do not contend that jurisdiction should depend solely on a jury verdict. They argue, rather, that the jury verdict is an indication of the “reasonable likelihood” that existed at the outset of the case. For the District Court to dismiss on the basis of a jury verdict in excess of $25,000, which could result in a jury verdict in the Superior Court for less than $25,000, would dramatically undermine the purpose of the statute.

 The plaintiffs argue that the defendants, in waiting until the jury returned its verdict, waived their opportunity to challenge jurisdiction. However, jurisdiction is a subject that can be raised at any time in a case and jurisdiction cannot be created by consent or waiver. Ropt Limited Partnership v. Katin, 431 Mass. 601, 605 (2000), and cases cited.

 The plaintiffs were seeking $96,000 in lost profits, and the jury awarded a lesser amount, $45,700. Nothing in the record demonstrates how they arrived at that figure.

 For an analogous situation in the Federal Courts, see 28 U.S.C. §1332 which requires a judicial determination of subject matter jurisdiction based on the value of the matter in controversy. In that statute the Congress recognized a real difference possible between a court determination and the fact-fmder decision on the issue of value.