Wright, J.
This is a Dist/Mun. Cts. E.AD.A, Rule 8C, appeal by the defendant-tenant of a summary process judgment in favor of the plaintiff-landlord for possession and unpaid rent The principal argument presented by the defendant is that the fourteen day notice to quit for non-payment of rent issued by the landlord was ineffective to terminate his tenancy at will because the unpaid rent in question was a rent increase to which the defendant had never agreed.
The record indicates that defendant Joseph Hynes, Jr. (the “Tenant”) was a tenant at will of an apartment at 11 Everett Street, Cambridge which was owned by the plaintiff Trust (the “Landlord”). After more than one increase, the Tenant’s rent had reached $700.00 per month by 1999. In June or July, 1999, the Landlord notified the Tenant of an additional rent increase to $900.00 per month. The Tenant refused to agree to the full $200.00 increase, and paid no rent between September and December, 1999. By January, 2000, the Tenant had clearly acquiesced in at least a $100.00 increase because he paid the Landlord $3,200.00, or $800.00 per month, for September through December, 1999. The Tenant also later paid $800.00 rent for both January and February, 2000.
The Tenant paid no rent, however, for March of 2000. On March 15, 2000, the Landlord served the Tenant with a fourteen day notice to quit for nonpayment of rent. The notice claimed that $1,500.00 in unpaid rent was due, consisting of the unpaid $100.00 increase for six months (September, 1999 to February, 2000) and $900.00 for the month of March. The Landlord filed its summary process complaint on April 10, 2000 to recover possession and $1,500.00 in unpaid rent on an account annexed.
In May, the Tenant paid the Landlord a total of $2,400.00 for March, April and May, which the Landlord accepted as use and occupancy payments. On July 3, 2000, judgment was entered for the Landlord for both possession and $800.00 in unpaid rent on the account annexed. The Tenants appeal followed.
1. The Tenant failed to preserve for appellate review any question of law as to the validity of the Landlord’s notice to quit See LoRusso v. Talbot, 1999 Mass. App. Div. 301, 301-302 (1999). The tenant neglected to file either a Mass. R Civ. P., Rule 64A(b), request for a required finding or a Mass. R. Civ. R, Rule 41(b) (2), motion for involuntary dismissal to challenge the legal sufficiency of the evidence to permit a judgment in the Landlord’s favor. See Cambridge Chamb. of Commerce v. Central Sq. Ins. Agency, 1999 Mass. App. Div. 27, 29; Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. Nor did the Tenant submit a Rule 64A(a) substantive request for ruling of law that a fourteen day notice to quit for nonpayment of a rental increase to which a tenant at will has not agreed is ineffective to terminate the tenancy. See generally Cambridge Hous. Auth. v. Wedge, 2000 Mass. App. Div. 235, 237; Cummings Prop. Management, Inc. v. C.T. Whittier & Associates, Inc., 1997 Mass. App. *11 Div. 153, 154. In the absence of an appropriate request or motion and the judge’s ruling thereon, there is no issue of law properly before us for appellate consideration.
The Tenant argues that he is entitled to contest the validity of the Landlord’s notice to quit for the first time on this appeal because it is an issue of subject matter jurisdiction. Contrary to the Landlord’s contention, an actual question of jurisdiction may be raised at any stage of the proceedings, either by a party or by the court sua sponte. See generally, General Accident Ins. Co. of America v. Bank of New England-West, 403 Mass. 473, 475-476 (1988); Bonfati v. Zoning Board of Appeals of Holliston, 48 Mass. App. Ct. 46, 49 (1999); Dombrowski v. Chute, 2000 Mass. App. Div. 127, 128.[1] However, the Tenants argument does not involve a challenge to the trial court’s subject matter jurisdiction. It is true that a valid notice to quit is a condition precedent to the commencement of a summary process action. Bech v. Cuevas, 404 Mass. 249, 255 (1989); Harris v. Munro, 1999 Mass. App. Div. 76, 77. A Landlord’s failure to serve a proper notice to quit will result in the dismissal of his summary process case. But such failure does not affect the District Court’s jurisdictional power and authority to adjudicate the Landlord’s claim.
2. While not technically before us, we elect to comment briefly on the Tenants argument because it is premised on elementary, but sometimes overlooked, principles of landlord-tenant law.
The Tenant correctly contends that a landlord cannot unilaterally impose a rent increase upon a tenant at will and then terminate the tenancy by means of a fourteen day notice to quit for the tenant’s nonpayment of the increased amount. A tenancy at will cannot be created or maintained without the consent of both the landlord and tenant McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977). As “rent is an agreed term of the tenancy, it [cannot] be changed without the mutual consent of the parties. ...” Lowery v. Robinson, 13 Mass. App. Ct. 982 (1982). See also Maguire v. Haddad, 325 Mass. 590, 593 (1950); Williams v. Seder, 306 Mass. 134, 137 (1940). Where, as in this case, a tenant at will does not agree to pay a rent increase requested by the landlord, the landlord can terminate the tenancy only by means of a statutory thirty day (or longer) notice to quit[2] A fourteen day notice is invalid if the tenant has continued to pay rent at the former rate.
These principles are, however, inapplicable to the facts of this case. The Landlord herein issued a fourteen day notice to quit on March 15, 2000 only after the Tenant had failed to pay any rent in any amount for the month of March. The fact that the amount of unpaid rent claimed was incorrect did not invalidate the notice. The notice to quit properly terminated the tenancy, and there was no error in the *12 court’s judgment for possession in favor of the Landlord.[3]
Appeal dismissed. The Landlord’s request for attorney’s fees and costs is denied.
So ordered.

 Although not raised by the Landlord, it may be noted that Rule 11(a) of the Uniform Summary Process Rules precludes a defendant from raising subject matter jurisdiction by means of a Rule 60(b) (4) motion once a final judgment on the merits has been entered. Ropt Ltd. Partnership v. Katin, 431 Mass. 601, 606 (2000). However, Rule 11(a) is not applicable in District Court summary process actions in Middlesex, Norfolk, Essex and Berkshire Counties by virtue of the civil one trial experiment statute, first enacted as St. 1996, c. 358. Ropt Ltd. Partnership, supra at 606. In such proceedings, jurisdiction may now be raised at any time. Id.

 A request for a rent increase may be included in a thirty day notice to quit Section 12 of G.L.c. 186 provides that a written notice to terminate a tenancy at will “may include an offer to establish a new tenancy for the same premises on terms different from that of the tenancy being terminated and the validity of such written notice shall not be affected by the inclusion of such offer.”

 The Tenant also argues that at the time of trial, he had paid all “rent" due through the end of May, and that it was error of the court to award $800.00 in damages for unpaid rent The Landlord conceded at trial that the Tenant had paid $800.00 in monthly use and occupancy payments through May. Although the Landlord was not entitled to any rent on the complaint account annexed at the time of the June 29, 2000 trial, the court may have intended its $800.00 damage award as one for use and occupancy for the month of June, 2000. In any event, the question was not raised and preserved in the trial court, and is not before us.