Williams, J.
Of several issues raised by these cross-appeals, we need address only one: whether the District Court had subject matter jurisdiction of this civil one-trial action, in which the plaintiff, Foley Realty Group, Inc. d/b/a Foley Real Estate (“Foley”), sought a real-estate commission of $26,500.00 for the sale of land in Falmouth. Because the damages set out on the Statement of Damages form when the case was filed exceeded the $25,000.00 jurisdictional limit of District Court, the trial court lacked subject-matter jurisdiction of this case. The default judgment entered in favor of Foley is void, and the action is dismissed in its entirety. Foley is free to proceed with the case in Superior Court, the forum with exclusive jurisdiction of this action.
The Act that created the civil one-trial system, and that became effective for Barn-stable County courts on April 1, 2002, compels this result. St. 1996, c. 358, §4, amended by St. 2002, c. 70. (This case was filed on June 13, 2002). That statute split civil jurisdiction between District and Superior Court it vests exclusive jurisdiction in District Court for civil actions in which there is no reasonable likelihood that the plaintiffs recovery "will exceed $25,000, and exclusive jurisdiction in Superior Court for claims reasonably likely to exceed $25,000. Id.; see Bussell v. Putnam Furniture Outlets, 58 Mass. App. Ct. 914, 914 n.2 (2003) (rescript), citing ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 605 (2000). This demarcation is jurisdictional. It is not a question of venue. Foley notes that the Clerk’s office had accepted the case for filing and docketing, apparently implying that any jurisdictional deficiency was thereby administratively waived, or that the trial court was somehow estopped from denying jurisdiction. Recognizing that the case was “accepted,” as well as acknowledging the frustration born of the case having proceeded even as far as it did, we must conclude that such an apparent oversight cannot confer District Court jurisdiction. The issue of subject matter jurisdiction may of course arise at any time, and when it is lacking, as here, it may not be conferred by estoppel, consent, conduct, or waiver. ROPT Ltd. Partnership, supra, at 605, and cases cited; McCracken v. Sears, Roebuck & Co., 51 Mass. App. Ct. 184, 188 (2001); see also, e.g., Jamgochian v. Dierker, 425 Mass. 565, 567 (1997).[1] That is true even if a late blossoming of the issue creates practical problems. Jensen v. Daniels, *78 57 Mass. App. Ct. 811, 820 n.18 (2003). When a court lacks subject matter jurisdiction, the judgment is void and time limitations for raising the issue are inapplicable. ROPT Ltd. Partnership, supra, at 605; see also, e.g., McCracken, supra, at 188, citing Mass. R. Civ. P., Rule 12(h)(3) (“Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action”).
Foley argued below in essence that because jurisdiction is determined by the “reasonable likelihood” of recovery of $25,000.00 or more, the trial judge is thereby invested with discretion “as to venue with the view to promote certain case management objectives.” That is not the import of the Act. There are no exceptions in the Act to the $25,000.00 jurisdictional dividing line. See ROPT Ltd. Partnership, 431 Mass. at 603-04. Even were we in a given case to weigh the issue of “reasonable likelihood” of a recovery of $25,000.00 or more, see Cavanaugh v. Athena Equip. & Supply Co., 2000 Mass. App. Div. 254, 255-57, this is not such a case. Here, Foley claimed on the Statement of Damages form the liquidated, sum-certain, amount of $26,500.00, which represented a 10% contractual real estate broker’s commission on the sale of real estate for $265,000.00. If Foley prevailed, recovery would be that $26,500.00, and not some less predictable award reached through the fact-finding process. Indeed, Foley’s judgment here was a default judgment entered by the Clerk’s Office under Mass. R. Civ. P., Rule 55(b)(3), “for a sum certain or for a sum which can by computation be made certain....” There is no uncertainty regarding “reasonable likelihood” here, and there was no discretion in the trial court to assume jurisdiction over the case.
Mindful of a potential outcome other than dismissal, we have considered, even in the absence of a request to do so, the possibility of requesting the Chief Justice for Administration and Management to appoint the District Court trial judge here to sit as a Superior Court judge, and to transfer the case itself to Superior Court. See M.G.L.c. 211B, §9; ROPT Ltd. Partnership, at 607, and cases cited. The effect of our doing that, however, would be to endorse the trial judge’s orders, the propriety of which forms the underlying issues of these appeals, which issues we do not reach. Because of that reason; because the jurisdictional issue was raised below; because there was no trial on the merits here and the judgment was a default judgment; because making such a request would tend to smudge the plain jurisdictional demarcation of the Act, especially in this “bright-line” case; and because we do not perceive generally that making such a request would serve the “orderly administration of justice” or prevent further waste of judicial resources, we decline to embark upon that alternative. At Foley’s option, the case may proceed in Superior Court.
The case should have been dismissed below. We do that now.
So ordered.

 All defendants raised the issue in their motion for relief from judgment of July 17, 2003, and although it was not raised at the hearing on that motion in August 2003, the trial judge resurrected it sua sponte at a further motion session in October 2003. No resolution of the issue was then reached.