Coven, J.
The plaintiffs commenced this suit to recover for the defective and dangerous conditions which had existed in an apartment they rented from the defendants. Following a jury-waived trial, the judge found in favor of the plaintiffs on their claims for breach of the implied warranty of habitability, retaliation, and violation of the security deposit law. The judge awarded attorney’s fees on the last claim. A finding was made for the defendants on the plaintiffs’ claims for breach of the covenant of quiet enjoyment, intentional infliction of emotional distress and unfair and deceptive acts in violation of G.L.c. 93A. On the defendants’ counterclaims, the judge found in favor of the defendants for the plaintiffs’ breach of contract, and in favor of the plaintiffs on the abuse of process count. The parties have filed cross-appeals.
There was no error in the trial judge’s inaction on five requests for rulings filed by the plaintiffs which improperly combined questions of fact and propositions of law. It is settled that in a jury waived District Court trial, a judge is not required to rule upon requests that present mixed questions of law and fact. Liberatore v. Town of Framingham, 315 Mass. 538, 543-544 (1944). See also Molloy v. Massachu *35 setts Mortg. Corp., 1998 Mass. App. Div. 3, 5. There is no indication in the record that the defendants presented any requests for rulings of law. Ordinarily, the failure of either party to preserve properly a question of law for appellate review would result in the dismissal of the appeal. 11 Everett St. Realty Trust v. Hynes, 2002 Mass. App. Div. 10, 11. However, ‘“there may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court... below. Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.’” Cruz v. Commissioner of Pub. Welfare, 395 Mass. 107, 111 (1985), quoting Hormel v. Helvering, 312 U.S. 552, 557 (1941). This is such a case.
In this case, the trial judge issued findings of fact in favor of the plaintiffs on their claim for the defendants’ breach of the implied warranty of habitability. Based on those findings, the trial judge should also have found for the plaintiffs on their additional claims for breach of the covenant of quiet enjoyment and unfair and deceptive acts in violation of G.L.c. 93A.[4] The failure to do so was error.
The record indicates that in July of 1998, the plaintiffs entered into a lease with the defendants for an apartment in Newton. At the inception of the tenancy, the plaintiffs received a statement of the conditions of the premises from the defendants. The plaintiffs disagreed with the statement that the premises required no repairs, and sent the defendants a written list of the conditions in the apartment that needed to be remedied. Among the conditions called to the defendants’ attention by the plaintiffs were the state of disrepair of the front and back porches, broken window sash cords, rotted bathroom floor boards, and cracked tile and walls in the bathroom. Repeated requests for repairs were made.
On July 13, 2001, the plaintiffs contacted the local board of health regarding conditions existing on the premises. An inspector visited the property and cited the defendants for thirty-nine code violations. Six of those violations, listed above, had been reported at the inception of the tenancy. Eight others were reported during the tenancy. Repairs were ordered. Although the plaintiffs vacated the premises on September 1, 2001, the board of health did not issue a certificate of habitability until October 15,2001.
Despite the written statement of conditions that existed at the inception of the tenancy which the plaintiffs provided to the defendants and the report of the local board of health, the trial judge found that only the disrepair of the rear and front porches, bathroom floor, front entry and a window amounted to a material breach of the implied warranty of habitability. This limitation was clearly erroneous. Of significance is the lack of any finding of materiality regarding a sewerage spill that had existed in the basement of the premises for a period of two months during the plaintiffs’ occupancy and which was identified in the board of health’s report.
This case is controlled by Jablonski v. Clemons, 60 Mass. App. Ct. 473 (2004). There is ample support in the record for the judge’s findings that the conditions he listed were serious code violations which “endanger [ed] or impaired] the health, or safety and well-being” of the plaintiffs. Id. at 475-476. The judge also found that these material breaches of the warranty of habitability impaired the value of the premises. Having found both the materiality of the breach and the diminution in the value of the property, the trial judge was required to find a breach of the covenant of quiet enjoyment as a matter of law. Id. (implied covenant of quiet enjoyment violated when conditions impair the value of the premises). These same findings also required a determination in favor of the plaintiffs that *36 the defendants had violated G.L.c. 93A. As dictated by the Attorney General’s regulations, it is an unfair and deceptive act for a landlord to lease premises which, at the inception of the tenancy, “contain [] condition [s] which amount[] to a violation of law which may endanger or materially impair the health, safety, or well-being of the occupant[s].” 940 CMR 3.17(a). See also Jablonski v. Clemons, supra, at 478.
Accordingly, the judge’s findings on the claims for intentional infliction of emotional distress, retaliation, breach of contract and abuse of process are affirmed. The parties have failed to preserve these claims for appellate review. Having found clear error in the judge’s findings regarding the breach of the implied warranty of habitability, that finding is vacated and the case is returned for a new trial on that issue and on the related claims of breach of the covenant of quiet enjoyment and of G.L.c. 93A. The issue of attorney’s fees associated with those claims is to be addressed upon a finding in the plaintiffs’ favor.
So ordered.

 Our review is limited to the error resulting as a matter of law from the judge’s stated findings on the plaintiffs’ claim for breach of the implied warranty of habitability, and entails no fact-finding by this Division.